Richard M. ROSS, Petitioner,

v.

NATIONAL CENTER FOR THE EMPLOYMENT OF THE DISABLED, as successor in interest to Access Healthsource, Inc., assignee of O.R. Brooker, et al., Respondent.

No. 05–1082.

Supreme Court of Texas.

June 16, 2006.

Rehearing Denied Aug. 31, 2006.

John P. Mobbs, Attorney At Law, El Paso, for Petitioner.

Ken Slavin, Kemp Smith, LLP, El Paso, for Respondent.

PER CURIAM.

In one of several suits between these parties, a trial court entered a $10 million default judgment against a party who was never served. When the trial court denied a bill of review to set aside that default, the court of appeals affirmed, pointing to evidence that the unserved party failed to file a motion for a new trial in the original default, and resisted postjudgment enforcement of it. 176 S.W.3d 642, 646–49. But the trial court had no jurisdiction either to enter judgment or to enforce it

against a party who had neither been properly served nor appeared. Accordingly, we reverse.

In 1998, Tamarack Capital, LLC and Tamarack Insurance, LLC ("Tamarack") sued Access Healthsource, Inc. in Arizona state court for breach of a stock merger agreement. Access removed the case to federal court, and added a counterclaim against Tamarack and misrepresentation crossclaims against Richard Ross (the owner of the Tamarack entities) and others. After a bench trial, the federal court in Arizona entered judgment against Access for about $1 million, and the 9th Circuit affirmed. *See* 91 F.App'x. 551 (9th. Cir.2004).

Meanwhile, ten Access shareholders sued Ross and two others on fraud claims in El Paso County Court No. 7. It is undisputed that service was defective in many respects and that Ross never received citation. *See* 176 S.W.3d at 645. Nevertheless, the El Paso court granted a default judgment against him for $5 million actual and $5 million exemplary damages.

The shareholders assigned this default judgment to Access, which thereafter assigned it to an entity named National Center for the Employment of the Disabled. The latter attempted to domesticate the default judgment in Arizona. Ross successfully persuaded the Arizona court to set it aside for lack of service.

Ross also filed a bill of review in El Paso to set aside the default. The trial court dismissed his bill of review by summary judgment, but the Eighth Court of Appeals reversed, finding a fact issue whether Ross had pursued his legal remedies with diligence. *See* 2003 WL 22870629 at *4. At a bench trial on remand, the trial court found against Ross and again denied his bill of review. This time the court of appeals affirmed, on two grounds.

The court of appeals held Ross had not shown diligence in pursuing his legal remedies. Traditionally, a bill of review requires proof of three elements: (1) a meritorious defense, (2) that was not asserted due to fraud, accident, or wrongful act of an opponent or official mistake, (3) unmixed with any fault or negligence by the movant. *See Baker v. Goldsmith,* 582 S.W.2d 404, 407 (Tex.1979); *Sedgwick v. Kirby Lumber Co.,* 130 Tex. 163, 107 S.W.2d 358, 359 (1937). But in *Caldwell v. Barnes,* we held that a defendant who is not served with process is entitled to a bill of review without a further showing, because the Constitution discharges the first element, and lack of service establishes the second and third. *See* 154 S.W.3d 93, 96–97 (Tex.2004).

■ The court of appeals found Ross at fault because, though he learned of the February 29, 2000 default judgment by regular mail on April 12, 2000, he did not file an out-of-time motion for new trial in that case. *See* TEX. R. CIV. P. 306a. In the first place, if a postjudgment postcard giving notice of default triggers a duty to enter an appearance, service of process would become obsolete. A defendant who responded to such a postcard would make a general appearance, rendering service unnecessary; a defendant who ignored it would be barred from attacking it later and simply have to pay the default judgment. Proper service is not a technicality so easily discarded.

■ More important, "[a] party who becomes aware of the proceedings without proper service of process has no duty to participate in them." *Caldwell,* 154 S.W.3d at 97 n. 1; *accord, Wilson v. Dunn,* 800 S.W.2d 833, 837 (Tex.1990) ("[M]ere knowledge of a pending suit does not place any duty on a defendant to act."); *Harrell v. Mexico Cattle Co.,* 73 Tex. 612, 11 S.W. 863, 865 (1889) ("A defendant ... is not

bound to take action until he has been duly served with process."). While diligence is required from properly served parties or those who have appeared, *see Gold v. Gold,* 145 S.W.3d 212, 214 (Tex.2004), those not properly served have no duty to act, diligently or otherwise. *See Caldwell,* 154 S.W.3d at 97 ("An individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered."). Ross filed his bill of review well within the applicable four-year limitations period, *see Caldwell v. Barnes,* 975 S.W.2d 535, 538–39 (Tex.1998), and proved that he had never been properly served. We hold the court of appeals erred in requiring Ross to act diligently in a case in which he was never served.

The court of appeals also affirmed on the basis that Ross did not have clean hands. The court first cited Ross's failure to appear at the trial of his bill of review after receiving a subpoena. 176 S.W.3d at 649. But there is nothing in the record indicating the district court considered or tried lesser sanctions before denying his bill of review. While the range of sanctions available for nonappearance is quite broad, it generally does not include dismissing a party's case as an initial step. *See TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 919 (Tex.1991).

The court of appeals also faulted Ross for failing to cooperate with post-judgment efforts to collect the earlier default judgment—in the case in which he was never properly served. As already noted, a party has no duty to participate in proceedings absent proper service of process. *See Caldwell,* 154 S.W.3d at 97; *Wilson,* 800 S.W.2d at 836–37. Moreover, "death penalty" sanctions are inappropriate unless a party's conduct "justifies a presumption that its claims or defenses lack merit," *Cire v. Cummings,* 134 S.W.3d 835, 840 (Tex.2004); refusing to appear in court without proper citation does not jus-

tify such a presumption. Finally, a bill of review is a separate proceeding from the underlying suit, *see Caldwell,* 154 S.W.3d at 98 (ordering separate jury trial for bill of review issues); the court of appeals did not explain why the trial court could sanction Ross in this proceeding for misconduct in another. We hold the court of appeals erred in finding that a party never served can challenge a default judgment only if he first complies with it.

Accordingly, without hearing oral argument, we reverse the court of appeals, render judgment for Ross setting aside the default judgment, and remand for trial on the merits of the underlying allegations. *See* TEX. R. APP. P. 59.1.