William J. HIX, Appellant

v.

William Carroll ROBERTSON and Lester Eugene Robertson, Appellees.

No. 10–05–00214–CV.

Court of Appeals of Texas, Waco.

July 12, 2006.

Keith Woodley, Woodley & Dudley, Comanche, for appellant.

Vance Dunnam, Dunnam & Dunnam, Waco, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ORDER REQUESTING AMICUS BRIEFING

PER CURIAM.

In this appeal, the trial court ruled that a specified part of Hog Creek is a statutory navigable stream and that Appellees and the general public are entitled to use that part and the entire adjoining lake for fishing, boating, and recreational purposes.

In his first issue, Appellant asserts that Appellee does not have standing to litigate the ownership of Hog Creek's streambed and that only the State of Texas, in a proper proceeding brought by the Attorney General, has standing. Appellant's fifth issue complains that the trial court erred in ruling that the specified part of Hog Creek is a statutory navigable stream and in enjoining Appellant from denying Appellees access to that part and to the adjoining lake.

Because these issues are of both public and private significance, we invite any other interested person or organization (including State entities such as the Office of the Attorney General, the Texas Water Development Board, the Texas Parks and Wildlife Department, the Texas Commission on Environmental Quality, and the Texas General Land Office) to submit an amicus brief on them.[1] *See* TEX.R.APP. P. 11 (providing for the receipt of amicus briefs). Any amicus brief shall be tendered within 45 days after the date of this Order.

Any reply to an amicus brief shall be filed within 20 days after the amicus brief is received by the Court.

Chief Justice GRAY concurring.

TOM GRAY, Chief Justice, concurring to briefing order.

Notwithstanding the Texas Supreme Court's recent decision in *Ross*, regarding what it takes to become a party bound by a judgment, I have grave concerns about the consequences of the State filing an amicus brief in this proceeding. *Ross v. Nat'l Ctr. for the Empl. of the Disabled,* No. 05–1082, —— S.W.3d ——, ——, 2006 WL 1651692, *1, 49 Tex. Sup. J. 760, 2006 Tex. LEXIS 551, *1–2 (Tex. June 16, 2006) ("But the trial court had no jurisdiction either to enter judgment or to enforce it against a party who had neither been properly served nor appeared."). My concern arises out of this Court's holding in *Avila* in which a majority of the Court made persons and companies that had never been served, had never made a formal appearance, and had never appeared by an attorney in any proceeding in the trial or appellate court, but they were, nevertheless made parties to the proceeding. *Avila v. Christopher,* No. 10–04–00021–CV, 2005 WL 1531170 (Tex.App.-Waco, June 29, 2005) (majority and dissenting opinions were **not** withdrawn or superseded); *Avila v. Lone Star Radiology,* 183 S.W.3d 814, 817–825 (Tex.App.-Waco 2005, no pet.) (Gray, C.J., dissenting).

Under the holding of that case, with which I vehemently disagree, it is not clear to me that by presenting this Court with any type of brief that the State has not then made an appearance, thus potentially negating one of the issues raised by the appellant.

While I always look forward to additional quality briefing on any issue, and given the very sparse authority upon which the order relies, I would not inject the uncertainties of a State's amicus brief into this proceeding without the opportunity of the parties to first brief and determine whether or not that would constitute an appearance by the State or would otherwise impact the issues that they have chosen to present to this Court.

With these comments, expressed concerns, and reservations, I will, however, join the majority in considering any amicus briefs filed in response to their request.

---

1. We have found two cases in which the Texas Supreme Court requested amicus briefing. *Brown v. De La Cruz,* 156 S.W.3d 560, 566 (Tex.2004); *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 30 (Tex.2003).