IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00214-CV

 

William J. Hix,

                                                                      Appellant

 v.

 

William Carroll Robertson 

and Lester Eugene Robertson,

                                                                      Appellees

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court No. 24,970

 



CONCURRING OPINION TO BRIEFING ORDER










 

          Notwithstanding the Texas Supreme
Court’s recent decision in Ross, regarding what it takes to become a
party bound by a judgment, I have grave concerns about the consequences of the
State filing an amicus brief in this proceeding.  Ross v. Nat'l Ctr. for the
Empl. of the Disabled, No. 05-1082, 49 Tex. Sup. J. 760, 2006 Tex. LEXIS 551, *1-2 (Tex. June 16, 2006) (“But the trial court had no jurisdiction either
to enter judgment or to enforce it against a party who had neither been
properly served nor appeared.”).  My concern arises out of this Court’s holding
in Avila in which a majority of the Court made persons and companies that
had never been served, had never made a formal appearance, and had never
appeared by an attorney in any proceeding in the trial or appellate court, but
they were, nevertheless made parties to the proceeding.  Avila v.
Christopher, No. 10-04-00021-CV, 2005 WL 1531170 (Tex. App.—Waco, June 29, 2005) (majority and dissenting opinions were not withdrawn or
superseded); Avila v. Lone Star Radiology, 183 S.W.3d 814, 817-825 (Tex. App.—Waco 2005, no pet.) (Gray, C.J., dissenting).

          Under the holding of that case, with
which I vehemently disagree, it is not clear to me that by presenting this
Court with any type of brief that the State has not then made an appearance,
thus potentially negating one of the issues raised by the appellant.

          While I always look forward to
additional quality briefing on any issue, and given the very sparse authority
upon which the order relies, I would not inject the uncertainties of a State’s
amicus brief into this proceeding without the opportunity of the parties to
first brief and determine whether or not that would constitute an appearance by
the State or would otherwise impact the issues that they have chosen to present
to this Court.

          With these comments, expressed
concerns, and reservations, I will, however, join the majority in considering
any amicus briefs filed in response to their request.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Concurring
opinion delivered and filed July 12, 2006

Publish