**Opinion filed June 25, 2009**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-09-00151-CV**

_____

**DANIEL RAY DECKER, Appellant**

**V.**

**MARVIN CURRY, Appellee**

**On Appeal from the County Court**

**Erath County, Texas**

**Trial Court Cause No. CV06301**

**M E M O R A N D U M   O P I N I O N**

The trial court granted Marvin Curry's no-evidence motion for summary judgment and entered a judgment that Daniel Ray Decker take nothing. The trial court signed the judgment on September 19, 2008. Decker filed a motion for new trial on October 16, 2008. Decker filed his pro se notice of appeal on April 1, 2009, 194 days after the date the judgment was signed. We dismiss for want of jurisdiction.

When the clerk's record was filed in this court, the clerk wrote the parties advising them that it appeared that an appeal had not been timely perfected and directing Decker to respond showing grounds for continuing this appeal. Decker has filed in this court a motion to continue his appeal.

In his motion, Decker contends that he did not have notice of the September 19, 2008 judgment; that, prior to the entry of the judgment, he filed a "Writ of Error stating the facts"; that he filed a motion for new trial on or about October 10, 2008, even though he had no notice of the judgment; that he has had to file a bill of review to prove that he did not receive a copy of the judgment; and that he feels that he did not get a fair trial due to his incarceration. Decker has not established that he has invoked the jurisdiction of this court.

Decker has not complied with TEX. R. CIV. P. 306a to establish that he did not receive notice of the judgment. Decker timely filed a motion for new trial. Pursuant to TEX. R. APP. P. 26.1, the notice of appeal was due to be filed within ninety days of the September 19, 2008 judgment. Decker did not comply with TEX. R. APP. P. 26.3 or with the requirements of *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex. 1997), to extend the time for perfecting the appeal. Likewise, Decker has not complied with TEX. R. APP. P. 30 to properly file a restricted appeal (formerly called a writ of error). Further, Decker has not properly filed a bill of review. *Ross v. Nat'l Ctr. for Employment of the Disabled*, 197 S.W.3d 795 (Tex. 2006). Therefore, Decker's motion is overruled.

The appeal is dismissed for want of jurisdiction.


PER CURIAM

June 25, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2