**Opinion filed October 8, 2009**



**In The**

# Eleventh Court of Appeals

---

**No. 11-08-00078-CV**

---

**WILLIAM GILMORE, Appellant**

**V.**

**TED COLLINS, JR. ET AL, Appellees**

---

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CV-45,330**

---

**M E M O R A N D U M   O P I N I O N**

William Gilmore appeals from the trial court's denial of a petition for bill of review. In the petition, Gilmore sought to have a 2004 order of dismissal for want of prosecution set aside so that he could prosecute his counterclaim against appellees. We affirm.

In his sole issue on appeal, Gilmore contends that the trial court erred in denying his amended petition for bill of review.[1] Gilmore sought the bill of review based upon the alleged lack of notice of the following: the court's intent to dismiss for want of prosecution, the dismissal hearing, and the order of dismissal. A bill of review is an equitable proceeding to set aside a prior judgment that can no longer be challenged by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). Traditionally, a bill of review requires proof of three elements: (1) a meritorious defense or claim, (2) that was not asserted because of an official mistake or the fraud, accident, or wrongful act of an opponent, and (3) unmixed with any fault or negligence on the part of the movant. *Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006); *Caldwell*, 154 S.W.3d at 96.

Before a case may be dismissed for want of prosecution, the parties must be provided with notice and an opportunity to be heard. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Gilmore argues that neither he nor his attorney were provided with the proper notices. At trial, Gilmore had the burden of proof on his bill of review. *See Caldwell*, 154 S.W.3d at 96-97.

The record from the trial on the bill of review shows that Gilmore was represented by Timothy J. Herman in 1996 when the underlying case was filed in state court by Ted Collins Jr. and Herbert E. Ware Jr., individually and d/b/a Collins & Ware, a partnership, against William Gilmore d/b/a Gilmore Oil & Gas. Herman filed a counterclaim on Gilmore's behalf – the dismissal of which is at issue in this bill of review. Herman's address changed in June 1997, and he notified the court clerk and opposing counsel of his new address at that time (though opposing counsel later informed the trial court that he had no address for Herman).

The assistant chief deputy clerk testified that it was standard practice to update an address in the computer upon receiving a notice of change of address and that, subsequent to Herman's notice of change of address, the clerk's office mailed all notices to Herman at his new address including the order for status report, the notice of intent to dismiss for want of prosecution, and the

---

[1]Appellees assert that Gilmore waived any alleged error by not expressly attacking the sufficiency of the evidence in his issue. We cannot hold that Gilmore failed to preserve error. *See Perry v. Cohen*, 272 S.W.3d 585 (Tex. 2008). Gilmore's brief is sufficient to put this court on notice of his evidentiary contention; Gilmore specifically argued that the evidence proved that neither he nor his attorney received the proper notices.

order of dismissal. The record shows that, based upon responses filed by Herman, Herman had received other notices that were sent by the clerk's office to him at his new address. None of the mail sent to Herman was returned as undeliverable. Herman remained the attorney of record until September 2005.

In the interim, Gilmore's bankruptcy attorney notified the trial court on September 30, 1997, that Gilmore had filed for bankruptcy. Herman did not represent Gilmore in the bankruptcy proceedings. The cause of action that had been asserted in Gilmore's counterclaim in state court was filed by Gilmore as an adversary proceeding in the bankruptcy court. The underlying state case was stayed pending the bankruptcy action. Because of Gilmore's failure to comply with court orders, the bankruptcy court dismissed Gilmore's adversary case against Collins and Ware in February 2000, with prejudice only as to federal court proceedings. Gilmore was discharged from bankruptcy on June 21, 2000.

The underlying case in state court remained inactive until September 2003 when the trial court issued an order for a status report. The trial court subsequently, in February 2004, issued a notice of intent to dismiss for want of prosecution, which included the date and time of the scheduled dismissal hearing. The trial court signed an order dismissing the case on March 8, 2004. Although the orders and the notice were mailed to Herman, Herman testified that he "had not seen" them. Herman stated that, at some point in the past, his file had been "retired" and put into storage because of the adversary case being filed in the bankruptcy court.

Gilmore also denied seeing or receiving the dismissal documents until long after the case had been dismissed. Even though Gilmore understood that the result of the bankruptcy court's February 2000 dismissal was that he could proceed in state court, he did not take any action to prosecute the underlying state case until September 9, 2005, when he filed a motion to substitute counsel. Such conduct exhibits Gilmore's fault or negligence in failing to pursue his claim. The evidence is sufficient to support the trial court's findings that Gilmore's attorney was properly notified by the clerk's office of the trial court's intent to dismiss for want of prosecution and of the dismissal of the case and that Gilmore was not without fault in failing to pursue his claim against Collins and Ware. We hold that the trial court did not err in denying Gilmore's bill of review. Gilmore's sole issue on appeal is overruled.

The judgment of the trial court is affirmed.

JIM R. WRIGHT

CHIEF JUSTICE

October 8, 2009

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.