Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-11-00017-CV

Robert E. **INGLE**,
Appellant

v.

H. Jay **HASSELL**, M.D.,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-00783
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  October 12, 2011

AFFIRMED

Robert E. Ingle appeals a summary judgment granted in a bill of review proceeding which set aside a default judgment that Ingle previously obtained against H. Jay Hassell, M.D. Ingle summarizes his argument as asserting that Hassell was precluded from pursuing an equitable bill of review because he failed to diligently pursue his available legal remedies. Specifically, Ingle argues Hassell had actual notice of the default judgment in time to file a motion for new trial or a restricted appeal. In the argument section of his brief, Ingle also argues

that Hassell failed to assert a meritorious defense or to show that his failure to assert such a defense was unmixed with any fault or negligence of his own. Hassell responds that Ingle's issues do not address each of the grounds asserted for summary judgment or even address the standard applicable in a bill of review proceeding involving defective service of process. We agree with Hassell and affirm the trial court's order.[1]

Hassell's motion for summary judgment in the underlying case asserted three grounds upon which judgment was sought: (1) service of process was defective;[2] (2) post-judgment proceedings pursued by Ingle deprived Hassell of due process of law;[3] and (3) Hassell was not given notice of the entry of the default judgment as required by TEX. R. CIV. P. 306a. The trial court's order granting the summary judgment did not specify a particular ground on which the motion was granted. Accordingly, Ingle was required to address and negate all of the grounds that support the summary judgment. In his brief, Ingle does not directly challenge any of these bases upon which the trial court could have granted summary judgment. Although Ingle's broadly-worded issue complaining that the trial court erred in granting summary judgment was sufficient to preserve error and place all grounds upon which the summary judgment could have been granted before this court for consideration, Ingle is still required to present argument and authorities in his brief challenging each of the possible bases for summary judgment. *Verner v.*

---

[1] Although Ingle attempts to address each of the grounds in his reply brief, an appellant is not permitted to raise an issue in a reply brief which was not included in his original brief. *See Ritter v. Las Colonitas Condo. Ass'n*, 319 S.W.3d 884, 891-92 (Tex. App.—Dallas 2010, no pet.); *Moore v. City of Wylie*, 319 S.W.3d 778, 781 (Tex. App.—El Paso 2010, no pet.).

[2] Hassell argued in his motion that the citation was issued for service of Ingle's First Amended Original Petition; however, the officer's return states that the "plaintiff's petition" was served. Hassell was not named as a party in Ingle's Original Petition. In addition, Hassell asserted the First Amended Original Petition and the Request for Citation listed an address for service that differed from the address contained in the officer's return. Finally, Hassell argued that the address contained in the officer's return was a non-existent address.

[3] Hassell argued in his motion that after Ingle obtained a default judgment awarding him $95,000 in damages and $751.47 in prejudgment interest, Ingle filed a motion for new trial to set aside the default judgment in order to seek additional damages. Hassell asserted the motion for new trial did not contain a certificate of service and that Ingle admitted that notice was not sent to Hassell; however, despite failing to serve notice on Hassell, Ingle requested and was granted a new default judgment awarding him $295,000 in damages, and $8,655.92 in prejudgment interest.

*Nat'l Oilwell Varco, Inc.*, No. 08-09-00244-CV, 2011 WL 2471891, at \*3 (Tex. App.—El Paso June 22, 2011, no pet. h.) (mem. op.); *Dovalina v. Laredo Morning Times*, No. 04-07-00480-CV, 2008 WL 372511 (Tex. App.—San Antonio Feb. 13, 2008, no pet.) (mem. op.); *Henriquez v. Cemex Mgmt., Inc.*, 177 S.W.3d 241, 255 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *Cruikshank v. Consumer Direct Mortg., Inc.*, 138 S.W.3d 497, 502–03 (Tex. App.—Houston [14th Dist.] 2004, pet. denied); *Smith v. Tilton*, 3 S.W.3d 77, 83, 84 (Tex. App.—Dallas 1999, no pet.); TEX. R. APP. P. 38.1(i).   Because Ingle's brief does not contain such argument and authorities, we affirm the trial court's judgment.

Even if we were to address the arguments made in Ingle's brief, we would reject them. Because Ingle makes no argument in his original brief that service was proper, the standards applicable to a bill of review proceeding involving defective service would apply.   Under those standards, Hassell was not required to prove any of the traditional elements required for a bill of review, including: (1) a meritorious defense; (2) that was not asserted due to fraud, accident, or wrongful act of an opponent or official mistake; or (3) unmixed with any fault or negligence of the movant.   *See Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006).   Moreover, "[w]hile diligence is required from properly served parties or those who have appeared, those not properly served have no duty to act, diligently or otherwise."   *Id*. at 798 (citations omitted).   Therefore, even assuming Hassell received actual notice of the default judgment in time to file a motion for new trial or restricted appeal, he had no duty to act.   *Id*. at 797-98.   "Proper service is not a technicality so easily discarded."   *Id*. at 797.

The trial court's order is affirmed.

Catherine Stone, Chief Justice