# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00491-CV

**John Bryan Langdon, Appellant**

**v.**

**Leslie Mathison Gilbert, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY, NO. C-1-CV-14-003653, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this bill-of-review proceeding, John Bryan Langdon alleges that a default judgment was rendered against him without proper service of process. Langdon contends that he never received a copy of the "notice of citation" and lawsuit because Leslie Mathison Gilbert, the plaintiff in the subject lawsuit, provided the Texas Secretary of State an incorrect or incomplete address for service. On cross-motions for summary judgment, the trial court rendered summary judgment denying the bill of review. We reverse the trial court's judgment and remand the case to that court for further proceedings.

Gilbert leased residential property in Austin, Texas, from Langdon, a New Jersey resident. Gilbert alleges that, after she vacated the leased premises, she asked Langdon to refund her $4,000 security deposit and a rent overpayment of $1,500. When neither a refund nor an accounting was offered, Gilbert sued for the stated amounts plus treble damages and attorney's fees.

After several unsuccessful attempts to effect service of process by the local sheriff's office in New Jersey, Gilbert tendered service of process to the Texas Secretary of State pursuant to the substituted-service provisions in section 17.044 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §§ 17.044-.045. Gilbert notified the Secretary of State that Langdon's address for service of process was 275 2nd Avenue, Long Branch, NJ 07740.[1] The Secretary of State certified that process had been sent by certified mail to the stated address but was returned as unclaimed. On March 19, 2014, Gilbert obtained a default judgment in the amount of $13,600 plus $2,500 in attorney's fees and interest.

In an affidavit filed in the bill-of-review proceeding, Gilbert's attorney averred that he (1) spoke directly with Langdon by telephone on March 31, 2014, (2) emailed Langdon a direct link to the docket on the Travis County Clerk's website on the same day, (3) spoke by telephone with Langdon on other occasions in the days that followed, and (4) specifically discussed the judgment with Langdon in those telephone conversations. Although the trial court retained plenary jurisdiction to set aside the default judgment at the time of the alleged conversations, Langdon did not file a motion for new trial, and the judgment became final.

On April 24, 2014, however, Langdon filed a petition for bill of review to set aside or vacate the default judgment on the basis of defective service of process. Langdon asserted that his correct address is actually 275 2nd Ave. _Front_, Long Branch, New Jersey (emphasis added), and that service of process to the address specified in the Secretary of State's certificate was therefore

---

[1] Langdon's address was not provided in the lease agreement, even where space was explicitly made available for that purpose. After Gilbert moved out of the leased premises, she requested his address from a realtor who evidently had some unspecified connection to Langdon. The realtor supplied the address Gilbert provided to the Secretary of State for service of process.

improper. *See, e.g.*, *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) ("There are no presumptions in favor of valid issuance, service, and return of citation in the face of [an] attack on a default judgment [and] failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect.").

Not long after filing his petition, Langdon filed a traditional motion for summary judgment asserting that he had conclusively established all the elements necessary for a bill of review. Gilbert opposed Langdon's motion and filed a competing summary-judgment motion. In both, Gilbert asserted that Langdon was not entitled to a bill of review as a matter of law because he failed to exercise due diligence in pursuing all adequate legal remedies, including filing a motion for new trial after having received notice of the judgment while the trial court retained plenary jurisdiction. The trial court denied Langdon's motion and granted Gilbert's motion.

We review the district court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 291 (Tex. 2004). When, as here, both parties move for summary judgment on overlapping issues and the trial court grants one motion and denies the other, we review the summary-judgment evidence presented by both sides, determine all questions presented, and render the judgment that the trial court should have rendered. *Texas Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

3

To prevail on a bill of review, a petitioner must plead and prove: (1) a meritorious defense; (2) that he or she was prevented from making due to the fraud, accident, or wrongful act of his or her opponent; and (3) that the failure to appear was unmixed with any fault or negligence of his or her own. *Ross v. National Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006). Further, the petitioner must normally show that he or she exercised due diligence to assert all adequate legal remedies before filing the bill of review. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998).

However, the absence of proper service modifies the elements of a bill of review. An *allegation* of non-service discharges the first and second elements, and *proof* of lack of service conclusively establishes the third. *Ross*, 197 S.W.3d at 797; *Caldwell v. Barnes*, 154 S.W.3d 93, 97-98 (Tex. 2004). Thus, when a petitioner proves that he or she has not been properly served, the petitioner is entitled to a bill of review without a further showing. This is true even if the petitioner became aware of the proceedings and failed to participate, because a party who was not properly served has no duty to participate in the proceedings. *Ross*, 197 S.W.3d at 797-98; *Caldwell*, 154 S.W.3d at 97 n.1; *see also Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990) ("[M]ere knowledge of a pending suit does not place any duty on a defendant to act."). "While diligence is required from properly served parties or those who have appeared . . . those not properly served have no duty to act, diligently or otherwise." *Ross*, 197 S.W.3d at 798. "Proof of non-service, then, will conclusively establish the third and only element that bill of review plaintiffs are required to prove when they are asserting lack of service of process as their only defense." *Caldwell*, 154 S.W.3d at 97. The cases Gilbert cites as requiring a bill-of-review plaintiff to have pursued other post-judgment

4

relief, including a motion for new trial if possible, *see, e.g.*, *Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004), do not involve improper service and are therefore distinguishable.

Thus, to affirm summary judgment in Gilbert's favor, there must be conclusive evidence that Langdon was properly served. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010) (defendant who conclusively negates at least one essential element of cause of action is entitled to summary judgment on that claim). For Langdon to prevail on his motion for summary judgment, he must conclusively establish that he was not.

The bill-of-review petitioner bears the burden of proving that he was not served with process. *Caldwell*, 154 S.W.3d at 97. Because a bill of review constitutes a direct attack on a judgment, no presumption applies in favor of the valid issuance, service, or return of the citation. *Seaprints, Inc. v. Cadleway Props., Inc.*, 446 S.W.3d 434, 439 (Tex. App.—Houston [1st Dist.] 2014, no pet.). A "'bill-of-review petitioner may therefore demonstrate that the judgment is invalid for lack of proper service of process, whether or not the face of the record discloses the invalidity and despite recitals of proper service in the judgment under attack.'" *Id.* (quoting *Min v. Avila*, 991 S.W.2d 495, 499-500 (Tex. App.—Houston [1st Dist.] 1999, no pet.)).

In the present case, Langdon submitted his own affidavit in which he averred that his correct address is 275 2nd Ave. Front, Long Branch, New Jersey, 07740. Langdon's bare assertion as to his correct address without corroboration is inadequate to carry his burden of proof, *see Seaprints*, 446 S.W.3d at 440, but it is some evidence of defective service of process due to an incorrect or incomplete mailing address, *see, e.g.*, *Shackelford v. Cartercopters, LLC*, No. 02-10-00414-CV, 2011 WL 3835638, at *1, *4 (Tex. App.—Fort Worth Aug. 31, 2011, no pet.) (mem. op.) (summary judgment not proper where service was attempted at 333 Howard Street but there was evidence of

5

two dwelling units at that location—guest house and main house—and, to distinguish between the two residences, petitioner's mail was to be delivered to 333B Howard Street).  Langdon also offered a photocopy of his driver's license as verification of his proper address for service of process.  The driver's license photocopy that is part of the summary-judgment evidence also shows Langdon's address as including the "Front" designation.  However, the driver's license was not issued until April 24, 2014, which is the same day Langdon filed his petition for bill of review.  There is no corroborating evidence that the "Front" designation was an essential or required part of Langdon's address on December 16, 2013, when the Secretary of the State forwarded process to him.[2]  Because there is some evidence—but not conclusive evidence—that substituted service was attempted using an incorrect or incomplete address, we reverse the trial court's judgment and remand this case to the trial court for further proceedings.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Reversed and Remanded

Filed:   December 31, 2014

_____

[2] Proof of address is required to obtain a New Jersey driver's license; however, there is no specific document required to satisfy the proof requirement.  *See* N.J. Admin. Code § 13:21-8.2(c) ("Each applicant must present for inspection an acceptable proof of address document which may be, but is not limited to, the following . . . .").  Among the documents acceptable as proof of current address are (1) a utility or credit card bill issued within the previous 90 days or (2) a checking or savings account statement issued within the previous 60 days.  *Id.*  Thus, even assuming a driver's license is sufficient proof of the proper address for service of process, the driver's license in the record here is insufficient to conclusively establish Langdon's proper address for service of process at the time service was attempted.