

**NUMBER 13-15-00283-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MARTIN DE LA ROSA JR.,**                                                          **Appellant,**

**v.**

**LAURA PATRICIA SAN MIGUEL,**                                             **Appellee.**

---

**On appeal from the County Court at Law No. 1
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Longoria
Memorandum Opinion Per Curiam**

Appellant, Martin De La Rosa Jr., proceeding pro se, attempted to perfect an appeal from a judgment entered by the County Court at Law No. 1 of Hidalgo County, Texas, in trial court cause number F-6212-11-1, granting a bill of review. We dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

According to the recitation of events in the notice of appeal, appellant filed a motion for enforcement of possession or access to minor children and a petition to modify the parent-child relationship against Laura Patricia San Miguel. Laura did not appear at the resulting hearing and, by judgment issued on July 1, 2013, the trial court granted a change in custody for the minor children in favor of appellant. Laura thereafter filed a bill of review in which she alleged that she was not properly served with the underlying suit. On July 14, 2015, the trial court granted Laura's bill of review and ordered that the previous judgment rendered on July 1, 2013 be set aside. This appeal ensued.

On July 27, 2015, the Clerk of this Court notified appellant that it appeared that the July 14, 2015 judgment was not final and appealable. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. In response, appellant filed a copy of the order granting the bill of review.

## II. LAW AND ANALYSIS

After the trial court's plenary jurisdiction has expired, it cannot set aside a judgment except by timely-filed bill of review for sufficient cause. TEX. R. CIV. P. 329b(f); *In re Parker*, 117 S.W.3d 484, 486–87 (Tex. App.—Texarkana 2003, orig. proceeding). To be entitled to relief on a bill of review, the bill of review plaintiff must plead and prove: (1) a meritorious defense; (2) that he or she was prevented from making "due to fraud, accident, or wrongful act" of his opponent; and (3) that the failure to appear was "unmixed with any fault or negligence" of his or her own. *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006) (per curiam). While it is true that a party that is not served with process is entitled to a bill of review without further showing, a bill of

review is a separate proceeding from the underlying suit that must be pled by the bill of review movant. *See id.* A bill of review which sets aside a prior judgment, but does not dispose of all the issues of the case on the merits, is interlocutory in nature and is not a final judgment appealable to the court of appeals or the supreme court. *Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006) (per curiam); *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam).

The order subject to appeal in this case is of the same nature as the one addressed by the Texas Supreme Court in *Tesoro*. *See Tesoro Petroleum*, 796 S.W.2d at 705. In *Tesoro*, the supreme court held that an order granting a bill of review, setting aside a summary judgment, and ordering a trial on the merits was interlocutory in nature. *See id.* In this case, the trial court's order grants the bill of review and sets aside and vacates the previous order, but does not dispose of the issues on the merits in the case. Therefore, the order is interlocutory in nature and is not a final, appealable judgment. *See id.*; *see also Patrick O'Connor & Assocs., L.P. v. Wang Inv. Networks, Inc.*, No. 01-12-00615-CV, 2013 WL 1451358, at *1 (Tex. App.—Houston [1st Dist.] Apr. 9, 2013, no pet.) (mem. op.). Consequently, we lack jurisdiction over this appeal.

## III. CONCLUSION

The Court, having examined and fully considered the documents on file, is of the opinion that we lack jurisdiction over this appeal. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a). All pending motions, if any, are likewise DISMISSED.

PER CURIAM

Delivered and filed the 1st
day of September, 2015.

3