

**NUMBER 13-15-00545-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN THE INTEREST OF A.J.R., A CHILD

### On appeal from the 430th District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Longoria
### Memorandum Opinion Per Curiam

Appellant, A.J.R., a child, attempted to perfect an appeal from a judgment entered by the 430th District Court of Hidalgo County, Texas, in trial court cause number F-2632-14-J, granting a bill of review. We dismiss the appeal for want of jurisdiction.

### I. BACKGROUND

According to the documents filed in this appeal, Adan Acuna, the biological father of appellant, filed a bill of review regarding a judgment rendered in the underlying proceedings. On October 27, 2015, the trial court granted Acuna's bill of review and

ordered "that the Department of Family and Protective Services shall take whatever action is necessary to include [Acuna] as the biological father to the child and to give him process that is due him."

This appeal ensued.

On November 24, the Clerk of this Court notified appellant that it appeared that the October 27, 2015 order granting the bill of review was not final and appealable. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. In response, appellant filed a motion to abate this appeal. Appellant asserts that it has filed an expected motion for clarification of the trial court's order because the order "appears not to be a final order." Appellant requests that we abate this appeal "until a clarification hearing is held with the trial court."

## II. LAW AND ANALYSIS

After the trial court's plenary jurisdiction has expired, it cannot set aside a judgment except through a timely-filed bill of review for sufficient cause. TEX. R. CIV. P. 329b(f); *In re Parker*, 117 S.W.3d 484, 486–87 (Tex. App.—Texarkana 2003, orig. proceeding). To be entitled to relief on a bill of review, the bill of review petitioner must plead and prove: (1) a meritorious defense; (2) that he or she was prevented from making "due to fraud, accident, or wrongful act" of his opponent; and (3) that the failure to appear was "unmixed with any fault or negligence" of his or her own. *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006) (per curiam). While it is true that a party that is not served with process is entitled to a bill of review without further showing, a bill of review is a separate proceeding from the underlying suit that must be pled by the bill of review petitioner. *See id.* A bill of review which sets aside a prior judgment, but does not

2

dispose of all the issues of the case on the merits, is interlocutory in nature and is not a final judgment appealable to the court of appeals or the supreme court. *Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006) (per curiam); *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam).

The order subject to appeal in this case is of the same nature as the one addressed by the Texas Supreme Court in *Tesoro*. *See Tesoro Petroleum*, 796 S.W.2d at 705. In *Tesoro*, the supreme court held that an order granting a bill of review, setting aside a summary judgment, and ordering a trial on the merits was interlocutory in nature. *See id.* In this case, the trial court's order grants the bill of review and directs the Department of Family and Protective Services to include Acuna in the suit, but does not dispose of the issues on the merits in the case. Therefore, the order is interlocutory in nature and is not a final, appealable judgment. *See id.*; *see also Patrick O'Connor & Assocs., L.P. v. Wang Inv. Networks, Inc.*, No. 01-12-00615-CV, 2013 WL 1451358, at *1 (Tex. App.—Houston [1st Dist.] Apr. 9, 2013, no pet.) (mem. op.). Consequently, we lack jurisdiction over this appeal.

## III. CONCLUSION

The Court, having examined and fully considered the documents on file, is of the opinion that we lack jurisdiction over this appeal. Accordingly, we DENY appellant's motion to abate and we DISMISS the appeal FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a). All other pending motions, if any, are likewise DISMISSED.

PER CURIAM

Delivered and filed the
17th day of December, 2015.

3