**Affirmed and Opinion Filed February 24, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00903-CV

## ALBERT LUTTERODT, Appellant
## V.
## DAVID J. POTTER AND JACKSON M. POTTER, Appellees

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-01182-D**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Nowell

Albert Lutterodt appeals from the county court's order of dismissal for lack of jurisdiction. Appellant has been pro se throughout this litigation. We liberally construe pro se pleadings and briefs. *See Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). Liberally construing his brief, appellant argues the county court at law's dismissal for lack of jurisdiction is erroneous.[1] We affirm the county court's June 21, 2019 order of dismissal for lack of jurisdiction.

---

[1] Appellant also raises numerous merits-related arguments in his brief. However, jurisdiction is the sole issue properly before this Court.

This case began in the justice court where appellant filed a petition against appellees seeking damages of $10,000. Appellant attempted to serve appellees by sending the citation and petition to "Jackson M. Potter c/o David J. Potter" at an address in Texarkana, Texas,[2] via certified mail. Appellees filed a special appearance. The justice court concluded it lacked jurisdiction and dismissed appellant's case.

Appellant appealed the dismissal to the county court at law. Appellees again filed a special appearance in the county court. The county court concluded the justice court was without jurisdiction because appellant did not properly serve appellees in the justice court and, therefore, it lacked jurisdiction. The county court entered an order of dismissal for lack of jurisdiction. This appeal followed.

A "county court has no jurisdiction over an appeal unless the justice court had jurisdiction." *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.). A court has no jurisdiction to enter judgment or to enforce it against a party who has not been properly served or has not appeared. *See Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 796–97 (Tex. 2006).

As the county court stated: "It is clear and undisputed that service of Citation was attempted by the Plaintiff, Albert Lutterodt, by certified mail, and by no other means." However, in the justice court, "[n]o person who is a party to or interested

---

[2] The address appellant used is the office address for appellee David Potter.

in the outcome of the suit may serve citation in that suit." *See* TEX. R. CIV. P. 501.2(a). Therefore, by serving citation in the suit himself, appellant, a party to the suit, did not properly effectuate service. Further, because David Potter was not an agent for service for Jackson Potter, no service was attempted for Jackson Potter.

The record shows appellant did not properly serve appellees in the justice court. Accordingly, the justice court and the county court were without jurisdiction over appellees. We overrule appellant's argument that the county court at law erred by entering its order of dismissal.

We affirm the county court's June 21, 2019 order of dismissal for lack of jurisdiction.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

190903F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALBERT LUTTERODT, Appellant

No. 05-19-00903-CV      V.

DAVID J. POTTER AND
JACKSON M. POTTER, Appellees

On Appeal from the County Court at
Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-19-01182-
D.
Opinion delivered by Justice Nowell.
Justices Molberg and Reichek
participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the June 21, 2019 order of dismissal for lack of jurisdiction.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 24th day of February, 2021.