**Affirmed and Memorandum Opinion filed August 10, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00030-CV

## ELEZAR BALLI, Appellant

## V.

## OFFICER FLORENTINO MARTINEZ, OFFICER AMY CANTRELL, OFFICER KYLE GARCIA, AND OFFICER BRADLEY BRYANT, Appellees

**On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 99967-I**

## MEMORANDUM OPINION

Appellant Eleazar Balli, a pro se inmate, appeals the final summary judgment granted in favor of appellees, Officers Florentino Martinez, Amy Cantrell, Kyle Garcia, and Bradley Bryant, on his claims against them. We affirm the trial court's final judgment.[1]

---

[1] While Balli named the Clute Police Department and Chief R. Bratton as defendants in

A 9-1-1 call was made to the Clute Police Department reporting a domestic disturbance in a convenience store parking lot. Officers Garcia and Cantrell of the Clute Police Department responded to the call. They found Tekesha Johnson, Balli's known girlfriend, at the scene. The officers saw that Johnson had a bloody, swollen lip. Johnson told the officers that Balli had hit her on the mouth and had then threatened her with a knife. Johnson notified the officers that she wanted to press charges against Balli.

Balli, who admitted in his amended petition that he had a brief argument with his girlfriend during which he "slapped her in the mouth" with his hand, was detained by Officers Cantrell, Martinez, and Dahse at a nearby location. Cantrell patted Balli down to check for weapons and began speaking with him. At that point, Balli ran off. Officer Garcia heard over the police radio that Balli had fled. Garcia spotted Balli and he ordered Balli to stop and lay down on the ground. When Balli refused to comply, Garcia forced him down on his knees. Additional officers joined Garcia at the scene and they placed restraints around Balli's wrists. The officers then told Balli that he was under arrest and they began walking him toward a police vehicle. At that point, Balli began to violently resist being placed into the police vehicle by kicking at both officers and the vehicle. Balli managed to knock three of the officers backwards and down on the ground. At that point, Balli grabbed Officer Dahse's equipment belt, which held his gun and other

---

his original petition, they were never served with process and did not answer or appear in the trial court. As a result, they were never parties subject to the trial court's jurisdiction. *See Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 796–97 (Tex. 2006) (stating that a trial court has "no jurisdiction either to enter judgment or to enforce it against a party who had neither been properly served nor appeared."); *Caldwell v. Barnes*, 154 S.W.3d 93, 97 n.1 (Tex. 2004) ("A party who becomes aware of the proceedings without proper service of process has no duty to participate in them.").

weapons. When Balli refused to follow the officers' instructions to let go of the belt, Officer Martinez contact-tased Balli on his upper back. Still refusing to let go of the belt, an officer pried Balli's hand loose. At that point in time, Chief Bratton and two additional officers arrived on the scene.

The officers then tried to pick Balli up off of the ground so they could move him into the back seat of the police vehicle. Balli resumed violently struggling against being placed in the car by bucking his body and spitting at the officers. At that point, four officers were struggling to restrain Balli. Balli was yelling loudly while also complaining about having trouble breathing.

According to Chief Bratton, it appeared that Balli started convulsing. The police called EMS, who arrived at the scene soon after being called. Balli refused to speak to the EMS personnel, instead he screamed continuously at Johnson, who was standing nearby.

When Balli refused medical treatment, the officers resumed their efforts to place him into the police vehicle. They eventually got Balli onto the back seat, on his stomach. Balli managed to bite a piece of the vinyl seat off. Chief Bratton rode with Officer Garcia during the transport of Balli to the Clute police station. The ambulance followed the police vehicle. Once at the station, Balli started spitting at Garcia and then banging his head against the metal barrier inside the car. At that point, Chief Bratton decided to take Balli straight to the county jail. To facilitate that move, Chief Bratton got into the back seat next to Balli. The police placed a spit guard over Balli's head and the EMS personnel gave Chief Bratton a small pillow to protect Balli if he decided to bang his head against the metal barrier again. Another officer rode with them. During the drive to the county jail, Balli continued resisting and began pushing his head and body against Chief Bratton. Balli also grabbed Chief Bratton's equipment belt. Chief Bratton placed the pillow

3

against Balli's head to protect both Balli and himself. During the struggles, Balli bit Chief Bratton on his right wrist.[2] Fearing that he was losing control of Balli, Chief Bratton instructed Garcia to pull over so the third officer in the car could move to the back seat and assist in restraining Balli. Garcia stopped the vehicle and the other officer got into the back seat next to Balli. During the remainder of the drive to the jail, Balli continued to resist and even threatened to kill Chief Bratton's wife and children.

Balli was eventually charged with evading detention/arrest, assault on a family member, criminal mischief for the damage he inflicted on the police vehicle, assault on a public servant, and retaliation. Balli pleaded guilty to the felonies of assault on a public servant and retaliation against Chief Bratton. In his guilty plea Balli admitted that he had assaulted Chief Bratton by biting him.

Balli filed his pro se lawsuit against numerous defendants alleging a cause of action pursuant to section 1983[3] in which he claimed his rights under the Fourth Amendment to the U.S. Constitution were violated. Balli also asserted state law tort claims based on the same conduct. The trial court dismissed the state law claims against appellees pursuant to section 101.106(f) of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f) ("If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's

---

[2] As a result of this bite, Chief Bratton had to undergo six months of HIV testing.

[3] *See* 42 U.S.C. § 1983 (creating a cause of action against state actors for violations of a plaintiff's civil rights under the United States Constitution); *Harris Cty. v. Coats*, 607 S.W.3d 359, 372 (Tex. App.—Houston [14th Dist.] 2020, no pet.) ("A section 1983 claimant must show that a person acting under color of state law deprived the claimant of rights, privileges, or immunities secured by the Constitution or laws of the United States.").

4

motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed."). Balli has not challenged this decision on appeal. Appellees, asserting several different grounds, moved for a traditional summary judgment on Balli's remaining claims. The trial court granted the motion without specifying the grounds. This appeal followed.

ANALYSIS

## I.     Standard of review

We review the trial court's grant of a traditional summary judgment de novo. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). We consider all of the summary judgment evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006). To prevail on a traditional motion for summary judgment, a movant must prove entitlement to judgment as a matter of law on the issues pled and set out in the motion for summary judgment. Tex. R. Civ. P. 166a(c); *Masterson v. Diocese of Nw. Texas*, 422 S.W.3d 594, 607 (Tex. 2013). When the trial court grants summary judgment without specifying the grounds, we affirm the judgment if any of the grounds presented are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). If an appellant does not challenge every possible ground for summary judgment, we will uphold the summary judgment on the unchallenged ground. *Durham v. Accardi*, 587 S.W.3d 179, 183 (Tex. App.— Houston [14th Dist.] 2019, no pet.).

## II.     Appellees' motion for summary judgment on Balli's claims against

5

**them must be affirmed because Balli did not address all summary judgment grounds asserted by appellees in their motion.**

Appellees moved for summary judgment on Balli's claims on three grounds. First, appellees argued they proved as a matter of law that the amount of force they used during the detention, arrest, and transport of Balli was objectively reasonable under the circumstances and therefore did not rise to the level of a constitutional violation. Second, appellees asserted that even if Balli could show that his constitutional rights were violated, they were entitled to qualified immunity. Third, appellees, citing Fifth Circuit authority, argued that Balli's conviction for assault barred him from any civil recovery for his section 1983 claims.[4] The trial court granted appellees' motion without specifying the grounds.

On appeal, Balli challenges only the third ground listed above. Because Balli has not challenged all grounds asserted by appellees in their motion for summary judgment, we must affirm the summary judgment on the unchallenged grounds, and we need not review the merits of the challenged ground. *See Durham*, 587 S.W.3d at 187; *Krueger v. Atascosa Cty.*, 155 S.W.3d 614, 621 (Tex. App.—San Antonio 2004, no pet.) ("Unless an appellant has specifically challenged every possible ground for summary judgment, the appellate court need not review the merits of the challenged ground and may affirm on an unchallenged ground."). We overrule Balli's issues challenging the trial court's summary judgment.

---

[4] Appellees primarily rely on *Sappington v. Bartee*, 195 F.3d 234, 235–37 (5th Cir. 1999). In *Sappington*, the Fifth Circuit, held that "as a matter of law that the force Sappington claims was used cannot, under [*Heck v. Humphrey*, 512 U.S. 477 (1994)], be deemed excessive. Under Texas law, any person can use force up to and including deadly force to protect himself against the other's use or attempted use of deadly force." *Sappington*, 195 F.3d at 237.

## CONCLUSION

Having overruled Balli's issues on appeal, we affirm the trial court's final summary judgment.

/s/    Jerry Zimmerer
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.