Andre G. **PONSART, d/b/a Maintenance Specialty, Inc., Appellant,**

v.

**CITICORP VENDOR FINANCE, INC., f/k/a Copelco Capital, Inc., Appellee.**

No. 06–02–00018–CV.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 12, 2002.

Decided Oct. 23, 2002.

---

Robert K. Frisch, Robert K. Frisch, PC, Dallas, for appellant.

Carrie R. Mitchell, Brousseau & Associates, PC, Dallas, for appellee.

Before MORRISS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Andre G. Ponsart, d/b/a Maintenance Specialty, Inc., appeals the final judgment on a bill of review that sought to set aside a default judgment rendered against him. Ponsart raises three points of error, each relating to a meritorious defense to the underlying suit. They are: 1) the trial court erred because the default judgment in the underlying suit was based on an improper reinstatement, 2) the trial court erred by dismissing a challenge to personal jurisdiction without first holding an evidentiary hearing, and 3) the trial court erred by ignoring a motion to set aside the default judgment on the ground of a forged signature on a contract. Conversely, Citicorp Vendor Finance, Inc., f/k/a Copelco Capital, Inc., insists Maryland's disposition enforcing the underlying judgment is *res judicata*.

### Factual Summary

This case has a long and complicated history. We recount only those facts necessary to understand the underlying issues in this appeal.

In the summer of 1998, a group of Texas individuals approached Ponsart, who was then living in Maryland, seeking capital to establish a copier business. On July 16, 1998, Copelco purportedly entered into a lease with Ponsart, d/b/a Maintenance Specialty, Inc., to supply him with two copy machines. The copy machines were delivered the same day. Ponsart insists that he did not sign the lease and that the business venture never came to fruition.

Approximately seven months later, Copelco brought a collection action to recover the amount due on the lease. Copelco served Ponsart through the Texas Secretary of State in accordance with TEX. BUS. CORP. ACT ANN. art. 2.11 (Vernon 1980). Ponsart acknowledged receiving notice of the collection action, but assumed it was a mistake and "did not focus on the matter." Ponsart filed no answer to the underlying complaint. On August 12, 1999, the trial court dismissed the action sua sponte for want of prosecution. On September 22, 1999, the trial court reinstated the case and entered a default judgment against Ponsart. Nothing in the record indicates Ponsart sought a motion for new trial, appeal, or appeal for a writ of error during the statutory period.

On July 24, 2000, Copelco filed a motion to enforce the foreign judgment against Ponsart with the Circuit Court of Montgomery County, Maryland, and the Maryland court duly entered an enforcement judgment against Ponsart. Thereafter, Ponsart elected to pursue his judicial remedies in Maryland, first seeking to vacate the foreign judgment, then appealing to Maryland's higher courts. All Maryland appeals were denied.

Finding no relief in Maryland, Ponsart filed a petition for a bill of review with the Dallas County Court. The court reviewed the pleadings, evidence, and arguments of counsel and denied Ponsart's petition for a bill of review. Ponsart now appeals.

## Bill of Review

When reviewing a bill of review, every presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown there was an abuse of judicial discretion. *Interaction, Inc. v. State*, 17 S.W.3d 775, 778 (Tex.App.-Austin 2000, pet. denied). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). Because it is fundamentally important that finality be accorded to judgments, bills of review are always watched by courts of equity "with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted." *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex.1984) (quoting *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950)).

A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex.1999). A petitioner for bill of review must ordinarily prove: 1) a meritorious claim or defense to the cause of action alleged to support the judgment, 2) which it was prevented from making because of fraud, accident, or wrongful act of the opposite party, and 3) that was untainted by any fault or negligence of its own. *Id.* at 927. A petitioner must plead and prove each element, and without such proof the trial court should deny the bill of review. *See Hernandez v. Koch Mach. Co.*, 16 S.W.3d 48, 60 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). Although a bill of review is an equitable proceeding, the

fact an injustice has occurred is not sufficient to justify relief. *Herrera*, 11 S.W.3d at 927. A petitioner must also show he is free from negligence. *Id.* Generally, bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment and, through no fault of its own, has been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party. *Id.*

Each point of error Ponsart raises revolves around the first element of a bill of review—a meritorious claim or defense to the underlying suit. For convenience, we will combine Ponsart's first and third points of error. We will address Ponsart's second point separately because a challenge to the jurisdiction in the underlying suit requires a slightly different analysis.

Ponsart acknowledges, as he must, that a party who fails to timely avail itself of available legal remedies is not entitled to relief by bill of review. However, Ponsart contends we must adopt a broader diligence standard when dealing with potentially void judgments. We disagree.

 When the time for appeal expires, a bill of review is the exclusive remedy to vacate a judgment. Each element of a bill of review must be proven even if the underlying judgment can be shown to be void. *See In re D.S.*, 76 S.W.3d 512, 518 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (citing *Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex.1985)). If a party permits a judgment to become final by neglecting to file a motion for new trial, appeal, or appeal by writ of error, then the party is precluded from proceeding on a petition for bill of review unless the complaint shows a good excuse for failure to exhaust adequate legal remedies. *Rundle v. Comm'n for Lawyer Discipline*, 1 S.W.3d 209, 216 (Tex.App.-Amarillo 1999, no pet.).

Copelco served its petition in the underlying suit on Ponsart through the Texas Secretary of State in accordance with Tex. Bus. Corp. Act Ann. art. 2.11. Ponsart admits service, but assumed it was a mistake and did not file an answer. The trial court later entered a default judgment against him. During the interval between September 22, 1999, the date of the default judgment, and when Ponsart petitioned the trial court for a bill of review June 13, 2001, the only legal action Ponsart took in Texas was "supposedly" filing a motion to set aside the default judgment. The record, however, is absent of a properly file-stamped copy of this motion. In addition, the draft copy of this motion contained in the record was dated over seven months after the trial court entered the default judgment, long after the trial court's plenary power ceased.

 Within his first point of error, Ponsart raises the issue of "no notice" of the default judgment as a basis of his appeal. Although it is unclear from the record exactly when Ponsart received notice of the default judgment, actual notice was not required. A party to a suit is charged by law with notice of all orders and judgments rendered in the suit. *K & S Interests, Inc. v. Tex. Am. Bank/Dallas*, 749 S.W.2d 887, 892 (Tex.App.-Dallas 1988, writ denied) (op. on reh'g); *Pentikis v. Tex. Elec. Serv. Co.*, 470 S.W.2d 387, 390 (Tex.Civ.App.-Fort Worth 1971, writ ref'd n.r.e.). Ponsart was a party in the underlying suit because he was named in the pleadings, was served, and accepted service. *See Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex.1991) (judgment may not be rendered against any defendant unless on service, acceptance, or waiver of process, or appearance); *Ex parte Bowers*, 886 S.W.2d 346, 349 (Tex.App.-Houston

[1st Dist.] 1994, orig. proceeding). Even if Ponsart did not actually know the court had entered a default judgment against him, he should have been aware that failing to answer Copelco's complaint would result in a default judgment. Ponsart had legal remedies available to him to challenge the default judgment. He could have sought a new trial, appealed, or petitioned for a writ of error. He elected not to take these options to his own peril. Rather, Ponsart chose to pursue his legal options in Maryland by seeking to have the foreign judgment overturned. Only after he exhausted his legal remedies in Maryland did he seek equitable relief in Texas. "Equity aids the diligent and not those who slumber on their rights." *Callahan v. Giles*, 137 Tex. 571, 155 S.W.2d 793, 795 (1941).

In a petition for a bill of review, Ponsart had the burden to show his lack of negligence by a preponderance of the evidence. The trial court's finding that Ponsart did not carry this burden was reasonable. Therefore, because the court's judgment can be supported on the ground that Ponsart failed to exercise due diligence, we need not address whether, in fact, Ponsart had a meritorious defense under his first and third points of error. Ponsart's first and third points of error are overruled.

■ In his second point of error, Ponsart asserts the trial court erred in rendering judgment against him because the court in the underlying cause never had personal jurisdiction over him. By this point, Ponsart seeks not to satisfy the requirements for a bill of review, but to collaterally attack the underlying judgment. *See Tex. Dep't of Transp. v. T. Brown Constructors, Inc.*, 947 S.W.2d 655, 659 (Tex.App.-Austin 1997, writ denied) (bill of review that fails as direct attack may constitute collateral attack). In a collateral attack on a judgment, the recita-

tions of the judgment control the rest of the record and extrinsic evidence cannot be used to establish a lack of jurisdiction. *Huffstutlar v. Koons*, 789 S.W.2d 707, 710 (Tex.App.-Dallas 1990, orig. proceeding). The court in the underlying cause recited in its judgment that, although Ponsart did not appear at trial, he had been "duly served with citation."

■ Ponsart seeks to expand the scope of review beyond the judgment by invoking the exception to this narrow scope that applies when the defendant alleges the court lacked any potential jurisdiction. *See id.* When a court has no potential jurisdiction over the defendant, the defendant can collaterally attack that court's judgment with extrinsic evidence. *Dispensa v. Univ. State Bank*, 987 S.W.2d 923, 930 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *see, e.g., Pellow v. Cade*, 990 S.W.2d 307, 312 (Tex.App.-Texarkana 1999, no pet.) (justice court lacked any potential jurisdiction over nonexistent claim); *Hicks v. Sias*, 102 S.W.2d 460, 464 (Tex.Civ.App.-Beaumont 1937, writ ref'd) (before enactment of long-arm statute, trial court lacked potential jurisdiction over nonresident defendant served out of state). A party contesting jurisdiction has the burden to negate all bases of personal jurisdiction. *See Stauffacher v. Lone Star Mud, Inc.*, 54 S.W.3d 810, 816 (Tex.App.-Texarkana 2001, no pet.). Here, the trial court in the underlying suit had potential jurisdiction over Ponsart. Our rules of procedure governing service of process and our long-arm statute—each of which protect the due process rights of individuals—enabled the court to have potential jurisdiction over him. Ponsart contends jurisdiction under the Texas long-arm statute fails because it was based on a forged contract. The question of forgery is a factual one, and the trial court could have reasonably found the signature was Ponsart's. Ponsart admitted he discussed a possible business venture with individuals

in Texas and enclosed a business plan showing it was to be a Texas corporation. The signature of "Andre G. Ponsart" appears on the lease agreement with Copelco. Although the trial court did not provide findings of facts and conclusions of law on the forgery issue, Ponsart never made a request for them as he was entitled to do under TEX.R. CIV. P. 296 and 297. *See Daimler–Benz Aktiengesellschaft v. Olson*, 21 S.W.3d 707 (Tex.App.-Austin 2000, pet. dism'd w.o.j.). When, as here, the trial court has not made findings of fact and conclusions of law, we presume it resolved all factual disputes in support of the judgment. *Stauffacher*, 54 S.W.3d at 816; *see also Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). If the trial court found Ponsart's signature was valid, personal jurisdiction is established under the Texas long-arm statute.

Because the court had potential jurisdiction over Ponsart, he is subject to the general rule regarding collateral attacks on judgments. As stated earlier, under that rule, a defendant alleging no jurisdiction may not rely on extrinsic evidence to attack the judgment and may not collaterally attack the judgment. By failing to show that the court lacked jurisdiction over him, Ponsart must limit his collateral attack to the recitals of the judgment. The judgment's recital that Ponsart was duly cited forecloses this attack. We therefore overrule Ponsart's second point of error.

Having disposed of Ponsart's points of error on other grounds, we do not reach the merits of his claim for a meritorious defense, nor do we reach Copelco's contention that Maryland's disposition of the underlying judgment is *res judicata*.

We affirm the judgment.