Thomas E. CASH, Appellant,

v.

BEAUMONT DEALERS AUTO AUCTION, INC., Appellee.

No. 09–07–00323–CV.

Court of Appeals of Texas, Beaumont.

Submitted on July 28, 2008.

Decided Jan. 15, 2009.

Rodney E. Moton, Clement B. Pink, Houston, for appellant.

Kip K. Lamb, Mark W. Frasher, Kenneth Leigh Parker, The Lamb Law Firm, Beaumont, for appellee.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

In a former lawsuit between Beaumont Dealers Auto Auction, Inc. ("Auto Auction") and Thomas E. Cash, the trial court entered a default judgment in the amount of $47,590 against Cash. Contending that he was never served in the former suit, Cash filed a bill of review to attack the former judgment. Auto Auction answered and moved to dismiss. Based on the motion to dismiss, the trial court entered an order dismissing Cash's bill of review with prejudice. Cash appealed. We hold that Cash's verified pleadings established a prima facie case that he was not served. Therefore, the trial court erred in dismissing Cash's bill of review. We reverse the trial court's judgment and remand the case for further proceedings.

### Background

On April 12, 2007, Cash filed a bill of review, which was assigned cause number 106087, to attack the validity of a default judgment granted in cause number 105,383 by the County Court at Law. Cash asserted in the bill of review that his due process rights were violated when he suffered a default judgment without proper service of the former suit and that he had "never received citation in this matter."

Auto Auction, the beneficiary of the default judgment, answered the bill of review. On June 5, 2007, Auto Auction filed a motion to dismiss Cash's bill of review. In its motion to dismiss, Auto Auction asserted that Cash failed to use due diligence before prosecuting his bill of review because he did not pursue all legal remedies in an effort to prevent the default judgment from becoming final.

On Tuesday, June 5, Auto Auction issued a notice that the trial court would conduct a hearing on its motion to dismiss

on Monday, June 11. The trial court heard Auto Auction's motion on June 11 despite Cash's attorney's absence. After the hearing, the trial court entered an order stating Auto Auction's motion was "meritorious and should be, in all things, granted[;]" the order also dismissed Cash's bill "with prejudice."

Cash filed a motion for new trial and complained of the trial court's failure to provide him with forty-five days' notice of trial. Cash also asserted that his attorney's failure to appear at the hearing was the result of an accident or mistake; his attorney was not physically present at his office when the attorney's office received the notice of hearing. Cash states that as a result, his attorney was unaware of the hearing on June 11. The trial court denied Cash's motion for new trial. Cash timely perfected his appeal from the trial court's order of dismissal.

Cash raises three issues in his appeal. Cash argues in his first issue that Auto Auction's argument to the trial court—that Cash could not obtain relief from the former judgment in the bill of review because he failed to first pursue all available post-judgment legal remedies—was without merit. In issue two, Cash complains that the trial court did not provide him with forty-five days' notice of the hearing and that this insufficient notice was the cause of his attorney's failure to appear for the hearing. In issue three, Cash asserts the trial court erred in making a merits-based ruling on Auto Auction's motion to dismiss.

In response to issue one, Auto Auction asserts that Cash, by failing to exercise due diligence to pursue post-judgment remedies, forfeited any remedy offered in equity through a bill of review. Regarding issue two, Auto Auction contends that trial courts are not required to give forty-five days' notice of hearings that concern a party's failure to exercise diligence. With respect to issue three, Auto Auction concedes that the trial court's order should be reformed to a dismissal without prejudice.

## Analysis

"A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial." *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex.1999). Ordinarily, a petitioner seeking a bill of review must prove: "(1) a meritorious defense to the cause of action alleged to support the judgment; (2) an excuse justifying the failure to make that defense which is based on the fraud, accident or wrongful act of the opposing party; and (3) an excuse unmixed with the fault or negligence of the petitioner." *Beck v. Beck*, 771 S.W.2d 141, 141 (Tex.1989) (footnote omitted); *see also Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex.2004) (per curiam) ("*Caldwell II* "). In 1979, the Texas Supreme Court suggested in *Baker v. Goldsmith* that a pretrial hearing, such as the one at issue here, would allow a trial court to avoid wasting valuable judicial resources by requiring the petitioner to present prima facie proof at an early stage to show that he possessed a meritorious defense to the underlying cause of action. 582 S.W.2d 404, 408–09 (Tex.1979) (creating a *Baker* hearing).

However, approximately nine years later, in a case involving a claim of non-service, certain aspects of the *Baker* pretrial procedure were found to violate the Due Process Clause. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86–87, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). *Peralta*, a case in which the petitioner asserted he was not served with a former suit, is premised on the Fourteenth Amendment's Due Process Clause requirement of " 'notice reasonably calculated, under the circumstances, to apprise interested parties of

the pendency of the action and afford them an opportunity to present their objections.'" 485 U.S. at 84, 108 S.Ct. 896 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). The *Peralta* Court held that it was unnecessary for the bill of review petitioner to present a meritorious defense before being allowed to proceed to trial on the merits of the claims raised in the bill of review when there had not been proper service of the former action. *Id.* at 86–87, 108 S.Ct. 896. Because it was not argued in the courts below, however, the *Peralta* Court expressly refused to address whether the bill of review petitioner asserting a claim of non-service had to establish diligence in pursuing other post-judgment remedies to qualify for potential relief through an equitable bill of review. *Id.* at 86, 108 S.Ct. 896.

On appeal, Auto Auction contends that the trial court dismissed Cash's petition because he failed to exercise due diligence to challenge the default judgment. Relying on *Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex.1998) ("*Caldwell I*"), Auto Auction asserts that the exercise of "due diligence" is a distinct and additional requirement that a bill of review petitioner must establish to prevail. Specifically, in its motion to dismiss, Auto Auction argued that Cash, after receiving notice of the default in cause number 105,383, could have filed a motion for new trial, an appeal, or a restricted appeal. Thus, instead of burdening Cash with making a prima facie showing of a meritorious defense, Auto Auction's motion requested that the trial court require Cash to show that he acted with reasonable diligence by pursuing certain post-default judgment remedies before allowing his bill of review to proceed to trial. The trial court found Auto Auction's motion to have merit, apparently accepting the argument that Auto Auction

made in its motion that Cash had not acted diligently.

■ Thus, we first address whether the trial court, in a case involving a claim of non-service of process in the former suit, erred in requiring Cash to pursue post-judgment remedies before allowing him to proceed to trial on the merits of his bill of review claim. In our opinion, three Texas Supreme Court cases resolve that issue. In *Caldwell II*, the Texas Supreme Court stated:

> When a plaintiff claims lack of service, the trial court should: (1) dispense with any pretrial inquiry into a meritorious defense, (2) hold a trial, at which the bill of review plaintiff assumes the burden of proving that the plaintiff was not served with process, thereby conclusively establishing a lack of fault or negligence in allowing a default judgment to be rendered, and (3) conditioned upon an affirmative finding that the plaintiff was not served, allow the parties to revert to their original status as plaintiff and defendant with the burden on the original plaintiff to prove his or her case.

154 S.W.3d at 97–98 (footnote omitted). Cash's verified petition asserted that he was never served with citation. In a pretrial *Baker* hearing, "factual questions arising out of factual disputes are resolved in favor of the complainant for the purposes of this pretrial, legal determination." *Baker*, 582 S.W.2d at 409. Therefore, under *Caldwell II*, Cash's sworn petition alleging non-service conclusively established his lack of fault for purposes of the pretrial proceeding. *See Caldwell II*, 154 S.W.3d at 96. Auto Auction's controverting evidence, by which it sought to prove that Cash had actually been served with the former suit, should have been a matter for a trial on the merits; it was not a matter for the trial court to weigh and decide at the June 11 hearing.

 We also hold that Cash was not required to attack the former judgment as a prerequisite for obtaining relief under an equitable bill of review. In *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex.2004) (per curiam), the Texas Supreme Court stated that "we have never held that failing to file a restricted appeal bars a bill of review." The *Gold* Court specifically held that failing to file a restricted appeal did not constitute fault or negligence by the petitioner. *Id.* at 214. The Texas Supreme Court has also rejected the contention that failing to file a motion for new trial shows a party's lack of diligence. In *Ross v. National Center for the Employment of the Disabled*, 197 S.W.3d 795 (Tex.2006) (per curiam), the Texas Supreme Court reviewed the dismissal of a bill of review petition, and held that "the court of appeals erred in requiring Ross to act diligently in a case in which he was never served." *Id.* at 798. Under the circumstances presented in the court below, Cash could not have been found negligent for failing in the former case to file a motion for new trial or a restricted appeal. *See Ross*, 197 S.W.3d at 798; *Gold*, 145 S.W.3d at 214.

Auto Auction also asserts that Cash was at fault for failing to file a notice of appeal, but this contention ignores the Texas Supreme Court's holding in *Caldwell II*, in which the Court stated that "[a] party who becomes aware of the proceedings without proper service of process has no duty to participate in them." 154 S.W.3d at 97 n. 1. The Texas Supreme Court expressly relied on this language in reaching its conclusion in *Ross*. 197 S.W.3d at 797. In our opinion, in bill-of-review suits that assert non-service, the Texas Supreme Court's reasoning in *Gold*, which concerned a restricted appeal, and *Ross*, which concerned a motion for new trial, also extends to the failure to file a notice of appeal that challenged the former judgment.

Cash's verified petition asserts that he was not served with the former suit; therefore, we hold that the trial court erred in granting Auto Auction's motion to dismiss. Unless this cause of action should be disposed of by summary judgment or special exception, Cash is entitled to a trial to resolve whether he was actually served with the former suit. We sustain issue one.

Because the other issues Cash raises would not result in greater relief, we do not find it necessary to address them. *See* Tex.R.App. P. 47.1. We reverse the trial court's order and remand the case to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.