ACCEPTED
06-14-00077-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/9/2015 5:30:07 PM
DEBBIE AUTREY
CLERK

## NO. 06-14-00077-CV

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/12/2015 4:06:00 PM
DEBBIE AUTREY
Clerk

# IN THE SIXTH DISTRICT COURT OF APPEALS AT TEXARKANA, TEXAS

_____

## JACOB T. JONES

Appellant,

v.

## SERVICE CREDIT UNION,

Appellee.

_____

ON APPEAL FROM THE COUNTY COURT AT LAW,
HOPKINS COUNTY, TEXAS
CAUSE NO. CV 42,210, THE HONORABLE AMY MCCORKLE SMITH,
PRESIDING

_____

## APPELLANT'S BRIEF

Nate Smith
Attorney at Law
SMITH & SMITH LAW FIRM
300 Oak Avenue
Sulphur Springs, Texas 75482

ATTORNEY FOR APPELLANT
JANUARY 9, 2015
--APPELLANT REQUESTS ORAL ARGUMENT--

# IDENTITY OF PARTIES AND COUNSEL

## Parties to the Underlying Litigation

*Appellant*

Jacob T. Jones

*Appellee*

Service Credit Union

## Trial and Appellate Counsel

Nate Smith

Smith & Smith Law Firm
300 Oak Avenue
Sulphur Springs, Texas 75482
(903) 439-3000
(903) 439-3110 (fax)

Service Credit Union did not
appear at trial

Appellate Counsel: Paul Sartin
Sartin Law Firm
4514 Travis Street, Suite 300
Dallas, Texas 75205
(214) 599-0448
(214) 599-0602 (fax)

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL……………………………..ii

INDEX OF AUTHORITIES…………………………………………..v

ISSUES PRESENTED……………………………………………viii

RECORD ON APPEAL……………………………..……………...ix

I.      STATEMENT OF FACTS…………………………………..1

II.     SUMMARY OF ARGUMENTS……..………………………7

III.    STANDARD OF REVIEW………………………………..8

IV.     ARGUMENT POINT 1 –

1.      Procedural Elements of Bill of Review Were Met…………………...9

        A.      Independent action where no other relief available….………..9

        B.      Requirements of Bill of Review Pleadings...………………10

2.      Evidentiary Elements of Bill of Review Were Met………………....11

        A.      General Evidentiary Requirements for Bill of Review……......11

        B.      General Three Elements are Modified When Due Process
Violation is Plead……………………………………..……………11

        C.      No Hearing Set, No Notice Given, and No Hearing
Conducted……………………………………………………....12

                i.      If Prior Judgment was Post-Answer Default
Judgment……………………………………………………13

                ii.     If Prior Judgment was Summary Judgment……………14

3.      Violation of Appellant's Due Process Rights……………...........15

      A.     Lack of Notice……….......................................................15

      B.     Due Process Violation Relieves from Proving Diligence and Negligence Requirements...…………………………………………..16

Conclusion of Point 1……….......................................................19

V.     ARGUMENT POINT 2 –

      A.     Appellant Had the Right to Present Evidence of Non-receipt to the Court……………………………………….………......20

      B.     Presumption that Appellant Received Trial Court's Order and Judgment was Rebutted……………………….………………...21

Conclusion of Point 2…………………………………….............24

VI.    ARGUMENT POINT 3 –

      A.     Trial Court Had a Duty to Grant Appellant's Motion for No-Answer Default Judgment……….......................................................25

      B.     Appellant's Pleadings were Sufficiently Plead to Warrant No-Answer Default Judgment…………………….…………...26

VII.   ARGUMENT POINT 4 –

      A.     Collateral Attack on Prior Judgment......................................27

VIII.  CONCLUSION AND PRAYER…………………………………28

CERTIFICATE OF SERVICE…………………………………..29

# LIST OF AUTHORITIES

**Cases**          **Page(s)**

*$429.30 v. State,*
896 S.W.2d 363 (Tex. App.—Houston [1ˢᵗ Dist.] 1995)…………………..13

*Austin Indep. School District v. Sierra Club,*
495 S.W.2d 878 (Tex. 1973)………………………………………………28

*Baker v. Goldsmith,*
582 S.W.2d 404 (Tex. 1979)………..………………….…………………..10, 21

*Caldwell v. Barnes,*
754 S.W.3d 93, (Tex. 2004)……………………………….…...............12

*Cash v. Beaumont Dealers Auto Auction, Inc.,*
275 S.W.3d 915 (Tex.App.—Beaumont 2009).....................................12, 17

*Dolgencorp v. Lerma,*
288 S.W.3d 922 (Tex.2009) ………………………………………………13

*Etheredge v. Hidden Valley Airpark Ass'n,*
169 S.W.3d 378 (Tex.App.—Fort Worth 2005)……..………………….14

*GO Enterprises Corp. v. Rajani,*
No. 05-12-01353-CV, 2014 Tex.App.LEXIS 5595 (Tex. App.—Dallas, May 22, 2014)…………………………………………………………………26

*Holt Atherton Indus., Inc. v. Heine,*
835 S.W.2d 80 (Tex. 1992)…………………………...…………………..26, 27

*In re Lewis,*
No. 07-04-0432-CV, 2004 Tex.App. LEXIS 8377 (Tex. App.—Amarillo Sept. 17, 2004)…………………………………..………………………26

*In re Ramirez,*
994 S.W.2d 682 (Tex. App.—San Antonio 1998)…………………………25

*Kuntoplast of America, Inc. v. Formosa Plastics Corp., USA,*
937 S.W.2d 455 (Tex. 1996)……………………………………….…26

*Lewis v. Blake,*
876 S.W.2d 314 (Tex. 1994)…….…………………………………...14

*Lopez v. Lopez,*
757 S.W.2d 721 (Tex. 1988)…….……………………………….12, 15

*Mabon Limited v. Afri-Carib Enters.,*
369 S.W.3d 809 (Tex. 2012)………..…………..…….....................12, 17

*Medeles v. Nunez,*
923 S.W.2d 659 (Tex.App.—Houston [1st Dist.] 1996)…………………….9

*Peralta v. Heights Medical Center, Inc.,*
485 U.S 80 (1988)…………….…………….….....................................15, 16

*Pessel v. Jenkins,*
125 S.W.3d 807 (Tex.App.--Texarkana 2004)…………....…13, 21, 22, 23

*Ponsart v. Citicorp Vendor Fin.,*
89 S.W.3d 285 (Tex.App.--Texarkana 2002)………………….…..9, 11, 16

*Ramsay v. State,*
249 S.W.3d 568, 574 (Tex.App.—Waco 2008)………...........................8

*Smith v. Holmes,*
53 S.W.3d 815 (Tex.App.—Austin 2001)………………………………13

*Wembley Investment Company v. Herrera,*
11 S.W.3d 924 (Tex. 1999)………...................................................21, 22, 23

## Rules

CIV. PRAC. & REM. CODE §16.051…………………………………..10

TEX. R. CIV. P. 21(a)………………………………….…………………13

TEX. R. CIV. P. 166a(c)…………………………….…………...13, 14

TEX. R. CIV. P. 245..………………………………...…………………13

## ISSUES PRESENTED

**POINT 1:** The trial court erred in denying Appellant's Bill of Review because it was conclusively established at trial that Appellant's due process rights had been violated in the underlying suit and that Appellant met all requirements for bill of review relief.

**POINT 2:** The trial court abused its discretion and misapplied the law when it contradicted the only evidence before the court and imputed notice of judgment against Appellant and subsequent failure of Appellant to avail himself of all legal remedies.

**POINT 3:** The trial court erred in refusing to grant no-answer default judgment in favor of Appellant when all pleading and statutory requirements had been met and the evidence offered supported Appellant's pleadings for Bill of Review.

**POINT 4:** The trial court erred in refusing to vacate its previous order that was facially void because it was dated before the underlying suit was filed.

## <u>RECORD ON APPEAL AND APPENDIX OF EXHIBITS</u>

The record on appeal consists of a one-volume Clerk's Record, a four-volume Reporter's Record, with a Master Index as Volume 1, hearing on June 25, 2014, as Volume 2, hearing on July 29, 2014, as Volume 3 and the Motion for New Trial Hearing Transcript as Volume 4. The Clerk's Record will be cited by page number (i.e. "CR1"). The Reporter's Record will be cited by volume, then by page number and line(s) (i.e. "RR V1, P1:1"). When applicable, this brief will specifically reference these documents in accordance with the appendix.

NO. 06-14-00077-CV

IN THE SIXTH DISTRICT COURT OF APPEALS AT TEXARKANA, TEXAS
_____

JACOB T. JONES,

Appellant,

v.

SERVICE CREDIT UNION,

Appellee.
_____

ON APPEAL FROM THE COUNTY COURT AT LAW FOR
HOPKINS COUNTY, TEXAS
CAUSE NO. 42,210, THE HONORABLE AMY MCCORKLE SMITH,
PRESIDING
_____

**APPELLANT'S BRIEF**

TO THE HONORABLE SIXTH COURT OF APPEALS:

Appellant Jacob T. Jones respectfully submits this Appellant's Brief.

**STATEMENT OF FACTS**

This is an appeal from the Hopkins County Court at Law whereby the

Honorable Amy McCorkle Smith refused to grant a Motion for Default

Judgment and denied Appellant's Petition for Bill of Review after hearing

the Motion for Default Judgment on June 25, 2014, and a second hearing on

the motion for default judgment on July 29, 2014. As will be detailed below the motion for default judgment was in a new cause of action for bill of review under cause number CV42,210. The petition for bill of review challenged, both directly and indirectly, a previous judgment from the same trial court in cause number CV41,466 ("underlying suit").

## Summary of Salient Facts

1. Suit filed by Appellees on March 8, 2013.
2. Answer filed by Appellant on April 5, 2013.
3. Motion for Summary Judgment filed by Appellees on October 30, 2013.
4. No notices ever sent and no hearings ever held.
5. Judgment #1 dated on February 20, 2014 (refers to summary judgment).
6. Judgment #2 dated on February 20, 2013 (dated one year earlier – claims to be the final judgment).
7. Clerk mailed judgment to last known address on February 27, 2014.
8. Appellant first learned of judgment on April 28, 2014.
9. Bill of Review filed May 28, 2014.

Appellant's Petition for Bill of Review was filed on May 28, 2014, and the pleadings clearly specified Appellant's claims for bill of review relief, which included due process violations in the underlying suit. (CR6-9). Appellee was served the petition for bill of review with process on June 3, 2014. (CR16). The return of service was filed in the clerk's file on June 9, 2014. (CR14-15). After Appellee failed to file an answer or appearance by the Monday next following the expiration of 20 days from service, Appellant

2

filed a Motion for Default Judgment for his Petition for Bill of Review on June 25, 2014. (CR17-18). Attorney for Appellant asked the trial court to take judicial notice of both cause numbers in the hearing for default judgment on June 25, 2014. (RR V2, P4:17-20).

## Relevant Facts from Underlying Suit

The underlying suit was filed by Appellee on March 8, 2013, and plead contract and suit on account causes of action against Appellant. (CR63-70). Appellant represented himself pro se and filed an answer and general denial of Appellee's claims on April 5, 2013. (CR93). Appellant filed its Motion for Summary Judgment, or in the Alternative, Motion for Default Judgment on October 30, 2013. (CR97). The Court admitted that "On February 20, 2014, the trial court granted Plaintiff's Motion for Summary Judgment <u>without hearing</u> and further entered a separate final judgment in favor of [Appellee]". (CR48,¶9; CR62). The clerk's file in the underlying suit is completely void of any notice given to Appellant for this hearing and Appellant testified at trial that he never received any notice of any hearing. (RR V5, P16-23). The Court subsequently admitted that the trial court should have had a hearing and should have set the hearing on Appellee's motion to set a deadline to respond to the motion. (RR V3, P12:14-20).

Despite the lack of notice of hearing or hearing whatsoever, the trial court signed two judgments in response to Appellee's motion. The first judgment rendered without hearing was dated February 20, 2014, and entitled "Order on Motion For Summary Judgment." (CR161). This purported summary judgment does not mention summary judgment evidence considered but rather establishes that the allegations in Appellant's Original Petition are proved by a preponderance of the evidence. (CR161). The second judgment rendered without hearing was dated February 20, **_2013_**, and entitled "Final Judgment." (CR162). This judgment does not mention Appellee's Motion for Summary Judgment, but rather establishes that:

"Citation was served on Defendant according to the law and the citation was returned to the clerk where it remained on file for the time required by law. The Court has reviewed the evidence, read the pleadings, heard the argument of counsel, if any, and is of the opinion that the allegations of [Appellee's] Original Petition have been proved by a preponderance of the evidence…" (CR162,¶1).

In summary, despite Appellant's answer on file, the trial court rendered judgment without hearing and without ever setting a hearing. The trial court rendered what it referred to as a summary judgment but what actually proved the elements of a *no-answer* default judgment.

The clerk's file indicates these two judgments were mailed to Appellant via standard mail on February 27, 2014. (CR164-67).

**Original Petition for Bill of Review**

Appellant first found out about the two judgments rendered against him in the underlying suit on or about April 28, 2014—sixty-eight days after the judgments were signed. (RR V3, P5:24—P6:17). Appellant testified at his Motion for Default Judgment on the Bill of Review that he never received any notice of the hearing or of the judgments from the court in the underlying suit. (RR V3, P7:11-23). Appellant filed his petition for Bill of Review on May 28, 2014, because it was the only option available to him to challenge the judgments from the underlying suit. (RR V3, P6:15-20). Appellant's Bill of Review pleadings specified that because Appellant had not received any notice of hearing or judgment that he was entitled to Bill of Review relief because of violations of his due process rights. (CR7). Appellant's Bill of Review pleadings also established an indirect attack against the underlying suit judgment in that the judgment taken in the underlying suit was dated February 20, 2013, which was nearly a month before the suit was filed. (CR7; CR162-63). The trial court took these facts under advisement after the first hearing for default judgment on June 25, 2014. (CR5).

By July 29, 2014, at the second hearing requesting default judgment, Appellee still had not filed an answer or made an appearance in the Bill of Review action. At the second hearing, despite the fact that Appellant's were correctly plead and claimed a due process violation, and despite the fact that Appellee was served with process and failed to answer or make an appearance in the trial court, the trial court refused to grant a default judgment in favor of Appellant. (CR7; CR14-16). Furthermore, the trial court denied Appellant's Bill of Review, finding that Appellant failed to avail himself of all legal remedies available to him because the trial court imputed notice and receipt of the judgment against Appellant due to the clerk's record indicating the judgments had been mailed standard mail to Appellant. (RR V3, P7:11-17; P8:24-25; P10:1-8; P10:19—P11:5; P12:9-13; P14:2—P15:5). In opposition to Appellant's testimony, who denied the receipt of any notice of hearing or judgment in the underlying suit, the trial court imputed receipt and notice of the underlying suit judgments against Appellant. *Id.* Appellant testified that the address listed on the clerk's documents was at all times a valid permanent address but that he did not receive any notice or judgment from the court. (RR V3, P7:11-17; P9:1-19; P13:19—14:1).

## SUMMARY OF ARGUMENTS

**POINT 1:   The trial court erred in denying Appellant's Bill of Review because it was conclusively established at trial that Appellant's due process rights had been violated in the underlying suit and that Appellant met all requirements for bill of review relief.**

**POINT 2:   The trial court abused its discretion and misapplied the law when it contradicted the only evidence before the court and imputed notice of judgment against Appellant and subsequent failure of Appellant to avail himself of all legal remedies.**

**POINT 3:   The trial court erred in refusing to grant no-answer default judgment in favor of Appellant when all pleading and statutory requirements had been met and the evidence offered supported Appellant's pleadings for Bill of Review.**

**POINT 4:   The trial court erred in refusing to vacate its previous order that was facially void because it was dated before the underlying suit was filed.**

## STANDARD OF REVIEW – DENIAL OF BILL OF REVIEW

As a general matter, a trial court's ruling on a bill of review is reviewed on appeal under an abuse-of-discretion standard.[1] However, the determination of whether a bill-of-review plaintiff has made a prima facie showing of a meritorious claim or defense (or of a meritorious ground for appeal) is a question of law and that determination from the trial court is reviewed de novo on appeal.[2]

At trial, the trial court summarily determined that Appellant did not make a prima facie showing of a meritorious defense in his petition for bill of review. (CR47,¶5). The trial court also contradicted the only evidence before it and summarily determined that Appellant failed to exercise due diligence and did not avail himself of all legal remedies available to him prior to filing his petition for bill of review. (CR48,¶¶3-4). Appellant believes these two determinations should be reviewed by this Court of Appeals de novo. The trial court's refusal to grant Appellant's bill of review despite factual evidence which proved each and every element required for bill of review relief should be reviewed under an abuse of discretion standard. The trial court's imputing receipt and notice of its prior judgment

---

[1] *Ramsay v. State,* 249 S.W.3d 568, 574 (Tex.App.—Waco 2008).
[2] *Id.*

against Appellant in contradiction to the only evidence offered the court should be reviewed under an abuse of discretion standard.

**ARGUMENT**

**POINT 1    The trial court erred in denying Appellant's Bill of Review because it was conclusively established at trial that Appellant's due process rights had been violated in the underlying suit and that Appellant met all requirements for bill of review relief.**

**1.    PROCEDURAL ELEMENTS OF BILL OF REVIEW WERE MET**

    A.    Independent action where no other relief is available

A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial.[3]  A bill of review is a new suit filed in the same trial court as the previous default, with service on all parties affected by the original judgment.[4]

Appellant filed his original petition for bill of review under a new and separate cause number in the same court that rendered the judgment in the underlying suit. (CR6).  Appellant also had Appellee served with process under the new cause of action. (CR7-8, CR47, ¶6).  At the hearing on July

---

[3] *Ponsart v. Citicorp Vendor Fin.*, 89 S.W.3d 285, 288-89 (Tex.App.—Texarkana 2002).
[4] *Medeles v. Nunez*, 923 S.W.2d 659, 661 n.2 (Tex.App.—Houston [1st Dist.] 1996, writ denied).

29, 2014, Appellant testified that he did not receive any notice of the court's judgment(s) on February 20, 2014, and did not know of the existence of the judgment(s) until April 28, 2014, when Appellant was applying for a home loan. (RR V3, P5:24—P6:17; RR V3, P7:11-23; RR V3, P6:15-20). As has been stated already in this brief, Appellee did not appear or answer in the bill of review proceedings. Therefore, Appellant's testimony that he did not know of the existence of the prior judgment(s) until sixty-eight days after the fact was the only evidence before the trial court. The trial court lost plenary power in the underlying suit on March 21, 2014—thirty days after the signing of the Final Judgment—and upon discovery of the prior order and judgment, Appellant filed his bill of review on May 28, 2014, "to set aside a judgment that is no longer appealable or subject to a motion for new trial."[3]

### B.    Requirements of Bill of Review Pleadings

In order to invoke the equitable powers of the court, the plaintiff in a bill of review case must file a petition with sworn facts—stated with particularity—that satisfy the various elements required.[5] A bill of review must be filed after the trial court's plenary power expires, but within the residual four-year statute of limitations.[6]

---

[5] *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979).
[6] CPRC §16.051

Appellant's petition for bill of review was sworn and stated with particularity the cause number of the underlying suit, the judgment to be set aside, the due process violations in the underlying suit, and the lack of fault or negligence of Appellant. Appellant's petition for bill of review was filed approximately three months after the trial court rendered its judgment without hearing in the underlying suit and therefore Appellant clearly met the four year limitation period to bring a suit for bill of review relief.

## 2. EVIDENTIARY ELEMENTS OF BILL OF REVIEW WERE MET

### A. General Evidentiary Requirements for Bill of Review

A petitioner for bill of review must ordinarily prove: 1) a meritorious claim or defense to the cause of action alleged to support the judgment, 2) which it was prevented from making because of fraud, accident, or wrongful act of the opposite party, and 3) that was untainted by any fault or negligence of its own.[7] A petitioner must plead and prove each element, and without such proof the trial court should deny the bill of review. *Id.*

### B. General Three Elements are Modified When Due Process Violation is Claimed

When the defendant to the underlying suit had no notice of trial setting, that defendant is not required to prove he had a meritorious defense

---

[7] *Ponsart*, 89 S.W.3d at 288-89.

to the underlying suit or that he was justified in his failure to assert that defense.[8] Thus, when a defendant-petitioner claims it did not receive notice of the trial or default judgment, it must prove only the third element (i.e. no fault or negligence in allowing a default to be rendered).[9] However, a bill of review plaintiff who was not served with process or who did not receive notice of a dispositive hearing cannot be at fault or negligent in allowing a default judgment to be rendered in the underlying suit.[10]

The fact that there was no hearing and obviously no setting for hearing is clearly established in the record in the underlying suit. The trial court admitted that it should have had a hearing and that it rendered its judgment(s) without hearing in the underlying suit. (CR48,¶9; RR V3, P12:14-20). The trial court even went as far as to identify the failure of the court to set a hearing for the summary judgment as an "injustice." (CR49, ¶3).

C.    No Hearing Set, No Notice Given, and No Hearing Conducted

Because Appellant filed a general denial answer in the underlying suit, he was entitled by the Texas Rules of Civil Procedure to have had 45 days written notice for a final hearing or 21 days written notice for a hearing

---

[8] *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988); *Caldwell v. Barnes,* 154 S.W.3d 93, 96 (Tex. 2004).
[9] *Mabon Ltd. v. Afri-Carib Enters.*, 369 S.W.3d 809, 812 (Tex. 2012).
[10] *Caldwell*, 154, S.W.3d at 97; *Cash v. Beaumont Dealers Auto Auction, Inc.*, 275 S.W.3d 915, 918-19 (Tex.App.—Beaumont 2009, no pet.).

on summary judgment.[11] (CR93). Appellee's final motion asked for Summary Judgment, or in the alternative Post-Answer Default Judgment. (CR97-105). The trial court has categorized its judgment in the underlying suit at different times as both a "summary judgment," (CR161, CR48, ¶9), as well as a "post-answer default judgment." (CR47, ¶¶2-3).

i.      If Prior Judgment was Post-Answer Default Judgment:

A defendant that filed an answer has a constitutional right to notice of all hearings.[12] By filing an answer, a defendant prevents the court from rendering a default judgment without a hearing.[13] A defendant that filed an answer (or appeared in the case) must be given 45 days' notice of a setting that results in a post-answer default judgment.[14] A post-answer default is valid only if the defendant received notice of the setting for trial or other dispositive hearing at which the default was rendered.[15]

The trial court admitted in its Amended Findings of Fact and Conclusions of Law that Appellant did file a general denial answer in the underlying suit. (CR48, ¶7). Appellant testified at the hearing on July 29, 2014, that he never received any notice of any kind about a hearing prior to

---

[11] TRCP 21a, 166a(c), 245

[12] *Smith v. Holmes*, 53 S.W.3d 815, 817 (Tex.App.—Austin 2001, no pet.).

[13] *Dolgencorp v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009).

[14] TRCP 245; *Pessel v. Jenkins*, 125 S.W.3d 807, 808-09 (Tex.App.—Texarkana 2004, no pet.).

[15] *$429.30 v. State*, 896 S.W.2d 363, 366 (Tex.App.—Houston [1st Dist.] 1995, no writ).

the judgment being taken. (RR V3, P5:16-23). The trial court also admitted that there was no hearing prior to its rendering final judgment in the underlying suit. (CR48, ¶9). Lastly, the trial court admitted that it should have had a hearing on Appellee's motion(s) before rendering judgment in the underlying suit. (RR V3, P12:14-20).

ii.     If Prior Judgment was Summary Judgment:

A summary judgment movant is required to give 21 days notice of the hearing on a summary judgment motion.[16] If timely notice is not given to a nonmovant on a motion for summary judgment, the summary judgment will be reversed.[17]

The trial court referenced its judgment in the underlying suit as a summary judgment many times. The trial court signed its order granting *summary judgment* and referenced it as summary judgment in the court's Findings of Fact and Conclusions of Law. (CR49, ¶1; CR161). The trial court admitted that there should have been a hearing on the motion for *summary judgment*. (RR V3, P12:14-16). The trial court even referenced a set of Request for Admissions from the underlying suit as summary judgment evidence. (CR48, ¶¶2, 8). However, the order and judgment

---

[16] TRCP 166a(c); *Lewis v. Blake*, 876 S.W.2d 314, 316 (Tex. 1994).
[17] *Etheredge v. Hidden Valley Airpark Ass'n*, 169 S.W.3d 378, 383 (Tex.App.—Fort Worth 2005, pet. denied).

14

rendered do not mention summary judgment evidence or identify the burden of proof being "*no genuine issue of material fact...*" Instead, both the Order of the court and the Final Judgment which were challenged in the bill of review, include a finding that the "allegations of Appellee's pleadings have been proved beyond a preponderance of the evidence." (CR161, ¶1; CR162, ¶1). The trial court's order and final judgment appear to operate as a post-answer default, but regardless of the form of the judgment(s), the required notices were not given to Appellant.

## 3. VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS

### A. Lack of Notice

Where a post-answer judgment was entered without proper knowledge and with substantial adverse consequences to the party in default, the holding is plainly infirm under the *Due Process Clause of the Fourteenth Amendment*.[18] When the record establishes that a [post-answer party] had no actual or constructive notice of the trial setting, the lower courts err in requiring him to show that he had a meritorious defense as a condition to granting his motion for new trial, as such a requirement violates the Fourteenth Amendment under *Peralta*.[19]

---

[18] *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 86 (1988).
[19] *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988).

Plaintiff's sworn pleadings and live testimony at the trial in this cause establish that he never received notice of any hearing prior to the judgment in the underlying suit. (RR V3, P5:16-23; CR6-9). The trial court admitted that no hearing for the summary judgment/post-answer default motions was ever set and that there was no hearing prior to judgment. (RR V3, P11:6-10; P12:15-20; CR48, ¶9).  As was stated previously in this brief, Appellee did not answer or appear in the bill of review proceedings and the only evidence before the trial court and now on appeal was offered by Appellant.  Just as the Texas Supreme Court analyzed the *Peralta* decision above, the record in the current case conclusively established—unopposed and without objection—that Appellant did not have actual or constructive notice of any trial setting in the underlying suit.[18]  Under state and federal law, these acts and omissions constitute clear constitutional due process violations in the underlying suit and entitle Appellant to bill of review relief.

B.    Due Process Violation Relieves from Proving Diligence and Negligence Requirements

Normally, the fact an injustice has occurred is not sufficient to justify bill of review relief.[20]  A petitioner must also show he is free from negligence. *Id.*  Generally, bill of review relief is available only if a party has

---

[20] *Ponsart,* 89 S.W.3d at 288-89.

16

exercised due diligence in pursuing all adequate legal remedies against a former judgment and, through no fault of its own, has been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party. *Id.*

However, where a due process violation has occurred in the underlying suit, a defaulting party is not required to attack the former judgment as a prerequisite for obtaining relief under an equitable bill of relief.[21] The Texas Supreme Court has rejected the contention that failing to file a motion for new trial shows a party's lack of diligence.[22] It is well established that once a bill of review plaintiff proves the absence of service or the lack of notice of the dispositive trial setting, the plaintiff is then relieved of proving the traditional bill of review elements and the court should grant the plaintiff's bill of review.[23] Once a bill of review plaintiff proves it had no notice of the trial setting or the default judgment, it need not establish that it diligently monitored the status of the case. *Id.* [21]

In addition to the analysis of the traditional bill of review elements above, after clearly demonstrating to the trial court that a due process

---

[21] *Cash v. Beaumont Dealers Auto Auction, Inc.*, 275 S.W.3d 915, 919 (Tex.App.—Beaumont 2009).

[22] *Id. (citing Ross v.National Center for the Employment of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006) (per curiam)).

[23] *Mabon Limited v. Afri-Carib Enterprises, Inc.*, 369 S.W.3d 809, 810 (Tex. 2012) (per curiam).

violation had occurred in the underlying suit, Appellant was also relieved from the traditional requirement for bill of review relief that he exercised due diligence and availed himself of all available legal remedies. This was a major point of disagreement for the trial court. The trial court admitted that no hearing was set or conducted in the underlying suit and even identified the lack of hearing as an "injustice." (CR49, ¶3). However, the trial court explained to Appellant that a due process violation in the underlying suit didn't matter if Appellant did not avail himself of the remedies available to him. (RR V3, P11:9-25). This contention from the trial court is in direct contradiction to the law cited above. The Texas Supreme Court case *Mabon Limited* is especially on point that once Appellant proved the lack of notice of a dispositive trial setting, he was relieved of proving the traditional bill of review elements.[21] *Mabon Limited* goes on to further explain that once Appellant proved the lack of notice, he had no duty to monitor the case.[Id.21] As stated multiple times in this brief, the only evidence before the court in the bill of review proceedings was the sworn pleadings and the live testimony of Appellant, which proved without objection that Appellant had no notice of the dispositive trial setting in the underlying suit. (RR V3, P5:15-23). Furthermore, the clerk's record is totally devoid of any notices of hearings.

In order to rule that Appellant failed to exercise due diligence and failed to exhaust all legal remedies available to him, the trial court imputed notice and knowledge of the judgment on Appellant in contrast with the evidence before the court. Specifically, the trial court disregarded Appellant's testimony and imputed receipt and knowledge of the order and judgment in the underlying suit against Appellant because the clerk's file had a document that indicated the order and judgment were mailed to Appellant. (RR V3, P8:24-25; P10:1-8; P10:19—11:5; P12:9-13; P14:2—15:5). The trial court imputed a duty to monitor the case against Appellant. (RR V3, P12:9-22). Lastly, the trial court opposed the evidence before it and imputed constructive knowledge of the order and judgment against Appellant and found that the imputed knowledge amounted to Appellant's failure to exercise due diligence. (RR V3, P10:1-8; P14:2-25; V4, P9:17-19). The imputed notice and knowledge of the trial court against Appellant will be discussed further in Point #2 in this brief.

## CONCLUSION OF POINT 1

To summarize, Appellant was and is entitled to the bill of review relief he has requested. Appellant has met each and every pleading, procedural and evidentiary requirement for bill of review relief as demonstrated above. The record is abundantly clear that Appellant offered

clear and concise pleadings and evidence without objection to the trial court that a due process violation occurred in the underlying suit. The trial court was not a party or adversary to Appellant and it rose to an abuse of discretion for the trial court to ignore the only actual and admissible evidence before the court and render a judgment not supported by—in fact contradicting—the evidence. In a broader sense, this Court of Appeals is able to review this matter de novo because once Appellant offered clear and concise evidence of the glaring due process violations in the underlying suit, the trial court misapplied the law cited above by denying Appellant's bill of review.

**POINT 2: The trial court abused its discretion and misapplied the law when it contradicted the only evidence before the court and imputed notice of judgment against Appellant and subsequent failure of Appellant to avail himself of all legal remedies.**

A. Appellant Had the Right to Present Evidence of Non-receipt to the Court

It is acceptable for a Bill of Review complainant to allege and prove that he was prevented from presenting his contentions in the former action by a mistake or error of the court or a functionary thereof in the discharge of

20

official duties.[24]  Furthermore, a petitioner may also present proof of non-receipt to the trial court in a bill of review.[25]

Appellant incorporates by reference the law, evidence, and arguments urged above.  In summary, there was no basis for the court to prohibit or disqualify Appellant's testimony that he did not receive notice of the dispositive hearing or the court's order and judgment in the underlying suit.

### B.    Presumption that Appellant Received Trial Court's Order and Judgment Was Rebutted

A certificate by a party or an attorney of record or the return of an officer, or the affidavit of any person showing service of a notice is prima facie evidence of service and this rule sets up a presumption that notice of a trial setting was duly received.[26]  However, this presumption is rebutted by an offer of proof that the notice was not received. *Id.*  It is abuse of discretion for a trial court, by the fact that notice sent via regular mail is unreturned to assert constructive knowledge of notice on a party. *Id.*

Appellant again incorporates by reference the law, evidence, and arguments urged above.  Appellant's live testimony at the trial in this cause was an offer of proof that he never received notice of any hearing prior to

---

[24] *Baker v. Goldsmith*, 582 S.W.2d 404, 407 (Tex. 1979).
[25] *see Wembley Investment Company v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999).
[26] *Pessel v. Jenkins*, 125 S.W.3d 807, 809-10 (Tex.App.—Texarkana 2004).

the post-answer default judgment in the underlying suit or any notice from the Court that the post-answer default had been rendered against him.

The *Pessel* case listed above describes a scenario much like this case, in which a trial court imputes constructive notice on a party simply due to notice supposedly being sent to a party via standard mail.[27] However, this Court of Appeals ruled that the actual evidence in the trial of that case showed that no notice was received. *Id.* This Court of Appeals specifically found that "The fact the notice sent by regular mail was not returned was not evidence of 'selective acceptance/refusal of certified mail'…[and] the [appealing party] offered an affidavit which unequivocally denied receiving notice of the trial setting. Considering these facts, the trial court erred in determining the [appealing party] received constructive notice." *Id.*

*Wembley Investment Company v. Herrera*, a case trial court admittedly followed in its denial of Appellant's Bill of Review, also supports the *Pessel* reasoning above. (RR V3, P15:9-11). In *Wembley*, the Texas Supreme Court noted "although a certificate of service [on a document which has an effect on appellate timelines] creates a presumption that it was received, that presumption is not evidence and it vanishes when opposing

---

[27] *Pessel*, 125 S.W.3d at 809-10.

evidence is introduced that the document was not received."[28] The Supreme Court continued in *Wembley*: "when the sender of a document relies on office routine or custom to support an inference that the document was mailed, the sender must provide corroborating evidence that the practice was actually carried out." *Id.* The *Wembley* opinion finally summarized that without corroborating evidence from the sender that a document was mailed and received, such evidence is "only an opinion that the notice was probably sent, and does not controvert…affidavits attesting that the [document] was not received." Id.

In the bill of review action, just as in *Pessel* and *Wembley*, the trial court inappropriately asserted a constructive notice on Plaintiff based on documents in the clerk's file for the underlying suit which indicates that a notice of judgment was sent to Plaintiff from the Hopkins County District Clerk via regular mail on or about February 27, 2014. (CR164-67). Any presumption of Appellant's actual receipt of the letter(s) from the clerk was rebutted (*Wembley* states the presumption "vanished") upon Plaintiff's trial testimony that he received no such notice.[26] In sharp contrast to *Wembley* and *Pessel*, in the bill of review proceedings the Defendant offered no contrary evidence or affirmative defenses but was in default. At the hearing

---

[28] *Wembley*, 11 S.W.3d at 927-28.

on July 29, 2014, it was the trial court who prosecuted Appellant and initiated the assertion of constructive knowledge against Appellant. On its own initiative, the trial court impeached Appellant's sworn pleadings and trial testimony that Appellant did not receive notice of hearing or judgment, and this evidence was the <u>only</u> <u>evidence</u> before the Court. Upon such a contrary offer of evidence, under *Wembley*, the *sender* of the notice is bound to produce contrary evidence and the sender in this case was the non-party Hopkins County District Clerk.[26]

## CONCLUSION OF POINT 2

In sum, the bill of review proceedings amounted not only to an abuse of discretion in rendering judgment not supported by and in direct contradiction of the evidence before the trial court, but also in contradiction of on-point law from this Court of Appeals and the Texas Supreme Court. The clerk's documents indicating that the clerk had mailed Appellant the trial court's order and judgment via standard mail may have created a presumption of receipt against Appellant in his bill of review proceedings. However, that presumption vanished when Appellant offered the court his sworn pleadings and live testimony in rebuttal to that presumption. It was an abuse of discretion and misapplication of law for the trial court to impute receipt and constructive knowledge of the trial court's prior order and

24

judgment against Appellant in contradiction of the evidence in the bill of review proceedings. It was also an abuse of discretion and misapplication of the law for the trial court to then deny Appellant's bill of review based upon its judgment that Appellant failed to exercise due diligence and avail himself of legal remedies available to him because of the imputed receipt and notice.

**POINT 3: The trial court erred in refusing to grant no-answer default judgment in favor of Appellant when all pleading and statutory requirements had been met and the evidence offered supported Appellant's pleadings for Bill of Review.**

A. Trial Court Had a Duty to Grant Appellant's Motion for No-Answer Default Judgment

In determining whether or not a default judgment should be entered, the trial judge is required to ascertain the sufficiency of the petition as well as the service of process.[29] Rule of Civil Procedure 239 authorizes a plaintiff to take a judgment by default against any defendant who has not

---

[29] *In re Ramirez*, 994 S.W.2d 682, 683 (Tex.App.—San Antonio 1998).

filed an answer; and a trial court has a non-discretionary duty to render a default judgment against a non-answering defendant.[30]

Appellant incorporates by reference all law, evidence, and arguments urged above. As described above, Appellant's pleadings met all requirements for bill of review relief. Furthermore, Appellant put on evidence to the trial court that Defendant Service Credit Union was served with process on June 3, 2014, and failed to file any answer with this Court before the default judgment trial on July 29, 2014. (RR, V2, P11:12-16). The trial court agreed in its Amended Findings of Fact and Conclusions of Law that Appellee was served with process, did not file an answer, and Appellant's motion for default judgment was timely. (CR48, ¶¶6-7).

B.    Appellant's Pleadings were Sufficiently Plead to Warrant No-Answer Default Judgment

A no-answer default judgment operates as an admission of the material facts alleged in the plaintiff's petition, except for damages.[31]  So long as the facts set out in the petition alleged a cause of action, then the default judgment case is conclusively established.[32]  When the petition establishes a cause of action, an appellant is precluded from challenging the

---

[30] *Kunstoplast of America, Inc. v. Formosa Plastics Corp., USA,* 937 S.W.2d 455, 456 (Tex. 1996); *In re Lewis*, No. 07-04-0432-CV, 2004 Tex. App. LEXIS 8377, *5, (Tex.App.—Amarillo Sep. 17, 2004).
[31] *Holt Atherton Indus. Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992).
[32] *GQ Enterprises Corp. v. Rajani*, No. 05-12-01353-CV, 2014 Tex. App. LEXIS 5595, at *9 (Tex.App.—Dallas May 22, 2014) (mem. op.)

legal and factual sufficiency of the evidence supporting liability in a no-answer default judgment.[33]

Appellant incorporates by reference all law, evidence, and arguments urged above. As also described above, Appellant's pleadings for bill of review relief met all requirements for bill of review relief. The pleadings were sworn and clearly identified the due process violation in the underlying suit. Appellant did not seek damages on his motion for default judgment but only sought the bill of review relief in which he was entitled by law. Appellant's pleadings also included a collateral attack on the trial court's final judgment in the underlying suit because it was dated February 20, *2013,* which if true would have been signed one month before Appellee ever filed the underlying suit. (CR63, 163). Either of these causes of action were sufficient for the trial court to grant Appellant's motion for no-answer default judgment against Appellee and vacate the court's prior order.

---

[33] *Holt Atherton.,* 835 S.W.2d at 83.

**POINT 4:    The trial court erred in refusing to vacate its previous order that was facially void because it was dated before the underlying suit was filed.**

The purpose of a collateral attack is to avoid the judgment, which can be accomplished when the judgment is tainted by a jurisdictional effect.[34]

Appellant incorporates by reference all law, evidence, and arguments urged above.   The trial court's Final Judgment was dated February 20, 2013—before the date the suit was filed. (CR63, 163).  This fact was pled by Appellant and argued to the trial court in the bill of review proceedings. (CR7; RR V2, P4:15—5:5).  From the face of the Final Judgment, the trial court did not yet have personal or subject matter jurisdiction to render a judgment against Appellant because Appellee did not file the underlying suit until March 8, 2013.

**CONCLUSION AND PRAYER**

For the reasons stated above, Appellant prays that this Court find that the trial court erred as a matter of law in denying Appellant's bill of review and grant Appellant's bill of review de novo in this cause of action.  In the alternative, for the reasons stated above, Appellant prays this Court find that the trial court abused its discretion in denying Appellant's bill of review,

---

[34] *Austin Indep. School District v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973).

motion for no-answer default judgment, and refusing to vacate a facially void judgment and grant Appellant a new trial on the merits of this cause of action, or for any other remedies available to Appellant at law or in equity.

Respectfully submitted,

Nate Smith /s/_____
Nate Smith
Texas Bar No. 24088441
300 Oak Avenue
Sulphur Springs, Texas 75482
Tel. (903) 439-3000
Fax. (903) 439-3110
Attorney for Appellant
Jacob T. Jones

## CERTIFICATE OF SERVICE

I certify that on January 9, 2015, a true and correct copy of Appellant's Brief was served on each party or attorney of record in accordance with the Texas Rules of Civil and Appellate Procedures.

Nate Smith /s/_____
Nate Smith